## DAVIS *versus* NASH.

Trespass, *quare clausum fregit*, may be maintained by the owner of land, for an injury done to the freehold, though the land be in the occupation of his tenant at will.

TRESPASS, *quare clausum fregit.* The plaintiff's farm was in possession of his tenant at will, who, by direction of the plaintiff, and with the plaintiff's materials, had erected a fence upon it.

The evidence tended to show that the defendant took down a part of the fence. SHEPLEY, C. J. was requested to rule that this action of trespass, *quare clausum*, for taking down the fence, could not be maintained, if, at the time of the injury, there was a tenant in the rightful possession and occupation of the premises. The request was denied, and the jury were instructed that the taking down of a fence would authorize the proprietor to maintain such an action, though the possession was in his tenant at will.

The verdict was for the plaintiff, and exceptions were taken by the defendant.

*Shepley* and *Dana*, for the defendant.

*Fessenden* and *Willis*, for the plaintiff.

WELLS, J. — At the time the trespass was committed, the premises were in the possession of a tenant at will to the plaintiff. The fence, which was taken down, was erected by the direction of the plaintiff, and a portion of the boards was purchased by him. The fence erected by him would become a fixture, and being attached to the freehold was a part of it, as much so as a building upon the land constructed by him, and the taking of it down was an injury to the freehold.

In the case of *Starr* v. *Jackson*, 11 Mass. 519, it was decided, that an action of trespass, *quare clausum*, lies for the owner of land in the possession of his tenant at will, where the injury affects the permanent value of the property. That decision was made when the State of Maine was a part of the Commonwealth of Massachusetts, and is binding upon us

as an authority in the same manner as our own decisions. And it is not perceived, that any practical inconvenience can arise by adhering to it. The case of *Hingham* v. *Sprague*, 15 Pick. 102, was decided upon the same principle.

There is nothing in the case of *Little* v. *Palister*, 3 Greenl. 6, opposed to the doctrine contained in *Starr* v. *Jackson*, for the acts done, and which constituted the alleged trespass, were not injurious to the freehold, and did not affect the rights of Little, the landlord.

> *The exceptions are overruled,*
> *and judgment on the verdict.*