### FRANKLIN LAWRY vs. STILLMAN J. LAWRY.

#### Penobscot.    Opinion February 15, 1896.

*Trespass.    Possession.    Remainder-man.    Amendment.    Practice.*

Trespass quare clausum being a possessory action, it is necessary to show possession in the plaintiff, and the injury committed.

The exception to the rule is where it may be maintained by the owner of land for an injury to the freehold, when it is in the occupation of a tenant at will.

A remainder-man who is not entitled to possession cannot maintain such action.

An amendment changing a declaration from quare clausum to case is not allowable.

ON REPORT.

This was action of quare clausum fregit.

The trespass complained of consisted in cutting standing trees on a lot of land which the plaintiff owned in remainder, the widow of his father having a life estate therein as her dower. The question was whether the action can be maintained by the plaintiff whose interest is only in remainder, a remainder-man. The parties agreed that " if it cannot be, then the action is to be

nonsuited, unless the full court determine that an amendment may be made by adding a count in case, and if an amendment may be thus made, the court to determine, whether it shall be allowed and upon what terms.

"If the case in the present form cannot be maintained and the court do not see fit to allow an amendment, the plaintiff shall be nonsuited. If it can be maintained in its present form, or by amendments, and the court allow the amendment, then the action to stand for trial."

*T. W. Vose,* for plaintiff.

*P. H. Gillin,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J. Trespass quare clausum for cutting standing trees on a lot of land the plaintiff owned in remainder, the widow of his father having a life estate therein as her dower.

The question is, whether this action can be maintained in its present form by the plaintiff whose interest is only that of remainder-man. We think it cannot.

Trespass quare clausum is a possessory action. To maintain it, it is necessary to show possession in the plaintiff and the injury committed. *Jones* v. *Leeman,* 69 Maine, 489, and cases cited; *Bartlett* v. *Perkins,* 13 Maine, 87; 1 Ch. Pl. 175*.

Though quare clausum may be maintained by the owner of the land for an injury to the freehold, when it is in the occupation of a tenant at will, (*Bartlett* v. *Perkins,* 13 Maine, 87; *Davis* v. *Nash,* 32 Maine 411; *Kimball* v. *Sumner,* 62 Maine, 305, 309; *Starr* v. *Jackson,* 11 Mass. 519,) yet we do not think this doctrine is to be extended so as to apply to the remainder-man who is not entitled to possession. It has been held that such an action will not lie by the reversioner for waste committed by a person acting under authority of the tenant for life. *Shattuck* v. *Gragg,* 23 Pick. 88. But the reversioner or remainder-man is not without remedy when the injury is of a permanent character affecting the inheritance, for an action

would lie, either on the case or for waste. *Stetson* v. *Day*, 51 Maine, 434; *Shattuck* v. *Gragg*, supra.

The amendment changing the declaration to case ought not to be allowed.

True, the statute has abolished the distinction between actions of trespass and trespass on the case. But this relates to the distinction in form only. In cases where the distinction is really of substance, rather than of form, the statute is inapplicable. *Place* v. *Brann*, 77 Maine, 342; *Sawyer* v. *Goodwin*, 34 Maine, 419; *Kelly* v. *Bragg*, 76 Maine, 207.

Such an amendment is more than a matter of form. It changes the nature of the action. *Sawyer* v. *Goodwin*, supra. This is not allowable. *Milliken* v. *Whitehouse*, 49 Maine, 527; *Farmer* v. *Portland*, 63 Maine, 46, 48.

It will not be wise to depart too far from the established rules of pleading. Constant departures from these rules will soon result in confusion. In the end it will be found that justice will be better subserved by adhering to the remedies provided by law than in departing from them. *Shorey* v. *Chandler*, 80 Maine, 409, 411.

*Plaintiff nonsuit.*