E. FRANCES PAGE *vs.* NELSON BOURGON.

Hancock.    Opinion, November 6, 1941.

*Clark & Silsby,* for plaintiff.

*Blaisdell & Blaisdell,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J.  The declaration in this case, though stated to be "in a plea of the case," was in fact trespass quare clausum. Cf. *Place* v. *Brann,* 77 Me., 342. The plaintiff claimed by her pleading that she had been for over a period of twenty years

next prior to the time the action accrued the "owner of a certain easement to take water of a certain well located at Bucksport, to wit, approximately sixty feet west of said Bridge Street and near or at the north line of said plaintiff's property. . . ." She then alleges that the defendant with force and arms and without notice or permission to or from the plaintiff entered the plaintiff's close and filled up said well with rock, bags and debris, and obstructed and prevented the plaintiff's access to it. The defendant demurred to the declaration, one ground being that trespass quare clausum is not a proper action for the recovery of damages for interference with the enjoyment of an easement. *Morgan* v. *Boyes*, 65 Me., 124; 19 C. J., 991; 47 A. L. R., 553, note. See also *Bale* v. *Todd*, 123 Ga., 99, 103, 50 S. E., 990; *McIntire* v. *Lauckner*, 108 Me., 443, 448, 81 A., 784; *Duncan* v. *Sylvester*, 24 Me., 482, 487, 41 Am. Dec., 400; *Trask* v. *Ford*, 39 Me., 437, 441; *Matthews* v. *Treat*, 75 Me., 594, 600; *Marshall* v. *Walker*, 93 Me., 532, 540, 45 A., 497. The court overruled the demurrer and the defendant excepted. Apparently the plaintiff was not altogether satisfied with the clearance thus given her and asked leave to amend her declaration. The proposed amendment did not, as we construe it, change the action from trespass quare clausum to case. Rather the plaintiff sought to extricate herself from her dilemma by eliminating her claim of an easement to take water from the well to one of ownership of the well. Over the defendant's objection the amendment was allowed and the defendant excepted. The case went to trial on the defendant's plea of the general issue and the jury found for the plaintiff. The case is now before us on the defendant's exceptions and general motion.

When there is a ruling by the court at *nisi prius*, either sustaining or overruling a demurrer, and exceptions are taken and allowed, the case should then be marked "Law" on the docket and stand continued with no further action taken at *nisi prius* until a decision is handed down by the Law Court on the issues raised by the demurrer, when, subject to the provisions of the

statute, R. S. 1930, Chap. 96, Sec. 38, the plaintiff may, if the declaration is amendable, amend if the demurrer be sustained, or the defendant may plead anew if it be overruled. *Tripp* v. *Park Street Motor Corporation,* 122 Me., 59, 118 A., 793. Such procedure was not in the instant case followed. The defendant entered a plea and went to trial. By so doing he waived his exception to the overruling of the demurrer as is clearly indicated in the opinion in the Tripp case, *supra.* He did not, however, waive his exception to the allowance of the amendment. *Gilbert* v. *Dodge,* 130 Me., 417, 156 A., 891. That exception and the motion are properly before us.

The defendant objects to the amendment because he says the plaintiff could not properly change her action from trespass to case. There seems to be ample authority for such contention. *Sawyer* v. *Goodwin,* 34 Me., 419; *Lawry* v. *Lawry,* 88 Me., 482, 34 A., 273. But the plaintiff has not by her amendment so changed her cause of action. Confused though the pleadings are, the declaration still seems to be one of trespass quare clausum. What the plaintiff has done has been to change the substance of her claim to fit her cause of action. This she clearly had no right to do. The plaintiff could not sue for one thing and recover for another, and an amendment which would permit her to do so is improper. *Robinson* v. *Miller,* 37 Me., 312; *Nickerson* v. *Bradbury,* 88 Me., 593, 34 A., 521. See also *Wyman* v. *Kilgore,* 47 Me., 184; *Gilman* v. *Cate,* 56 N. H., 160, for amendment held allowable. An easement is an incorporeal right and something entirely different from the ownership of the fee. The amendment was inconsistent with the declaration and in effect set forth a new and distinct cause of action.

As the defendant's exception must be sustained, there is perhaps no object in discussing the motion. But we might suggest that unless the jury understood the issue raised by the pleadings a great deal better than does this court, it is difficult to see how they could have arrived at an intelligible decision.

*Exception sustained.*