Judith ISELY et al.

v.

Philip WILKINS (Defendant and
Third-Party Plaintiff)

v.

MAINE BEAUTY SUPPLY CO. (Third-Party
Defendant and Second-Third-
Party Plaintiff)

v.

SELECT BEAUTY BRANDS, INC. (Second-
Third-Party Defendant and Third-
Party Plaintiff.

Supreme Judicial Court of Maine.

April 24, 1969.

Bennett, Schwarz & Reef, by Norman S. Reef, Daniel W. Mooers, Portland, for plaintiff.

Harrison L. Richardson, Alan J. Levenson, Richard D. Hewes, Portland, for defendant.

**52**

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MADEN, DU-FRESNE, and WEATHERBEE, JJ.

## ORDER ON POST JUDGMENT MOTIONS AND REQUEST FOR REMAND

WEBBER, Justice.

Plaintiffs brought an action for breach of warranty and negligence based upon the use of a defective "frosting cap" in defendant Wilkins' beauty parlor. Defendant Wilkins in turn sued Maine Beauty for breach of warranty and Maine Beauty then sued supplier Select on the same ground. A jury awarded plaintiffs $32,500 as for breach of warranty and gave successive verdicts for the same amount to each 3rd party plaintiff so that ultimate damage responsibility fell upon Select. Plaintiffs have not appealed nor has Select. Select desires to satisfy the judgment and avoid further expense. Maine Beauty has filed notice of appeal, not only in the case of Wilkins v. Maine Beauty in which it is a party, but also in the case of Isely v. Wilkins. The record on appeal has not yet been filed and therefore the case has not as yet been marked "Law." M.R.C.P., Rule 74(p).

### MOTION TO DISMISS APPEAL

On March 19, 1969 plaintiffs filed a motion addressed to the Law Court to dismiss the appeals of Maine Beauty as frivolous and intended for delay. This motion purports to be brought pursuant to M.R.C.P., Rule 75B. With respect to the case of Isely v. Wilkins the grounds asserted are

(a) Maine Beauty is not a party aggrieved and has no standing (14 M. R.S.A. § 1851);

(b) Maine Beauty is not a party in that action;

(c) The tender by Select of damages and costs assessed against Select renders Maine Beauty's claim moot; and

(d) Maine Beauty waived defenses by failing to raise them at pretrial.

With respect to the case of Wilkins v. Maine Beauty the grounds asserted are

(a) Maine Beauty is not a party aggrieved and has no standing; and

(b) Tender by Select and failure of Select to appeal make all questions moot.

 We conclude that this motion is premature and beyond the present jurisdiction of the Law Court. Rule 74(p) provides for filing the record on appeal and its prompt transmission to the Clerk of the Law Court. The Rule then specifically states, "The case shall be marked 'law' on the docket *and no further action shall be taken thereon* until after certification of disposition thereof in the Law Court. The case shall be docketed in the Law Court upon receipt of the record on appeal." (Emphasis ours). This rule provides a clear and precise point at which jurisdiction effectively shifts from the Superior Court to the Law Court. In so saying we are mindful that the Maine Rules of Civil Procedure were so written as to conform in many but not all respects to the Federal Rules. The pertinent Federal Rules are now found in the Federal Rules of Appellate Procedure (effective July 1, 1968), 28 U.S.C.A. p. 3 et seq. It may be generally stated that filing of the notice of the appeal under F.R.A.P., Rule 3 divests the U. S. District Court of jurisdiction and bestows it upon the U. S. Court of Appeals. 28 U. S.C.A. 21, 26, Notes 17 and 20 and cases cited. M.R.C.P., rule 74(p) has no counterpart in the Federal Rules. We note especially the phrase emphasized above, "and no further action shall be taken thereon." In White v. Schofield (1957 153 Me. 79, 85, 134 A.2d 755 we held that when the transcript was filed and the case marked "Law," "this entry by statute effectively terminated the authority of the Superior Court to do more than continue the cases until their determination by the Law Court." In prom-

ulgating M.R.C.P., Rule 74(p), the Supreme Judicial Court intended to vest jurisdiction in the Law Court, not upon the filing of notice of appeal, but only upon the filing of the record and designation of the case as "Law." It follows that motions under Rule 75B are to be filed only after the Law Court has acquired jurisdiction. This is consistent with the requirement in 75B(b) that "each paper shall contain * * * the Law Court docket number," since no number is or can be assigned until the requirements of 74(p) have been met.

In order to save the parties time and expense, we think it only fair to note that if the motion to dismiss the appeals is later renewed at such time as the Law Court has gained jurisdiction, the allegations therein, if supported by the record, would appear to warrant the relief requested.

### REQUEST FOR REMAND BY SUPERIOR COURT

 After judgment below and after the filing of notice of appeal, Select filed a motion with the Justice below indicating its readiness to satisfy the judgment against it with all attendant costs and praying that it be relieved from paying any future costs and legal expenses. As noted, Select filed no appeal from the judgment against it. Select's motion was filed pursuant to Rule 60(b) (6). In a careful opinion the Justice below concluded that procedure which has found favor in the Federal judicial system in like circumstances would be appropriate here. He indicated his intention to grant Select's motion and filed with the Law Court a request that the case be remanded to the Superior Court for that purpose. The procedure followed would appear to be appropriate once the Law Court has acquired jurisdiction, save only that the motion for remand should be made by the moving party. See Greear v. Greear (9 Cir. 1961) 288 F.2d 466. In the instant case it suffices to say that the Justice below had not on the mere filing of notice of appeal lost jurisdiction to decide the post-judg-

ment motions and no remand at this stage was necessary. If action on such motions produces multiple appeals, they can be readily consolidated.

It is accordingly ordered that plaintiffs' motion be dismissed as improvidently filed, and that the request lodged by the Superior Court also be dismissed.