JAMES S. REDMOND AND WIFE, MAYME HOLLIS REDMOND v. THE CITY OF ASHEVILLE, NORTH CAROLINA

No. 7428SC693

(Filed 20 November 1974)

Municipal Corporations § 43— sewer overflow — action against city — failure to present claim to city council

Letter from plaintiffs' attorney to the city manager requesting that the city pay damages caused by a sewer overflow did not comply with a city charter requirement that any claim against the city be presented to the city council prior to the commencement of a suit on the claim, and summary judgment was properly entered for the city in plaintiffs' action to recover for the damages.

APPEAL by plaintiffs from *McLean, Judge,* 8 April 1974 Session of Superior Court held in BUNCOMBE County.

This is an action for damages allegedly resulting from defendant's negligence in the maintenance of one of its sewer lines.

Defendant's municipal charter requires that any claim against it be presented to the City Council prior to commencement of a suit on the claim.

Prior to the institution of this action plaintiffs complained to the director of the county health department who notified the City Manager of Asheville of the problems plaintiffs were having with respect to the sewer lines. Later, and also prior to suit, plaintiffs' attorney sent a letter to the City Manager of Asheville requesting that the city pay damages caused by the sewer overflow. The amount of damages claimed was not indicated in the letter. The City Manager replied to plaintiffs' attorney and advised that the complaint would be investigated. Plaintiffs gave no other notice of the alleged claim.

The Court granted defendant's motion for summary judgment on the grounds that the suit was barred because of plaintiffs' failure to give notice to the City Council as required by the charter.

*Bruce A. Elmore by George W. Moore for plaintiff appellant.*

*Patla, Straus, Robinson & Moore, P.A. by Victor W. Buchanan for defendant appellee.*

VAUGHN, Judge.

Plaintiffs contend that their letter to the City Manager should be adjudged substantial compliance with the charter requirement that the claim be presented to the City Council. The Supreme Court of North Carolina has decided otherwise. "The statute and the decided cases do not permit the court to repeal the plain wording of the requirement that notice in writing be given to the named officials . . . Relaxation of the rules is within the jurisdiction of the agency that makes them—that is the General Assembly." *Johnson v. City of Winston-Salem,* 282 N.C. 518, 523, 193 S.E. 2d 717, 721. In *Johnson,* the claim was barred because it was not filed with the board of aldermen or mayor even though the claimant had carried on extensive negotiations with a full time "Claims Investigator" for the city and with the city attorney and had every reason to believe that his claim was in the process of settlement. The Court held that "[A]nything short of a written claim signed by the plaintiff or his attorney and filed with the board of aldermen or the mayor within the ninety days, required a dismissal of the action." 282 N.C., at 523, 193 S.E. 2d, at 721. *See also Nevins v. Lexington,* 212 N.C. 616, 194 S.E. 293, where in an action arising out of a contract, the Court held that notice to the City Manager was not sufficient under a statute which required only notification of "the proper municipal authorities."

In the case before us plaintiffs failed to give the required notice prior to the commencement of the action. Defendant was entitled to judgment as a matter of law. It was proper, therefore, for the Court to grant summary judgment in defendant's favor.

Affirmed.

Judges CAMPBELL and BRITT concur.