LOUISE MILLER v. CITY OF CHARLOTTE, A MUNICIPAL
CORPORATION

No. 7526SC101

(Filed 7 May 1975)

**Municipal Corporations §§ 14, 42— collapse of street pavement — claim for personal injury — notification of city council**

The trial court properly dismissed plaintiff's claim against the City of Charlotte for damages for injuries she sustained when a portion of street pavement collapsed beneath her, since the city charter required that notification of a claim against the city be given to the city council, but plaintiff notified only the city manager of her claim.

APPEAL by plaintiff from *Falls, Judge.* Judgment entered 26 November 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 April 1975.

This is a civil action wherein the plaintiff, Louise Miller, seeks $15,000 damages for personal injuries allegedly caused by the negligence of the defendant, City of Charlotte.

In her complaint, filed 3 July 1973, plaintiff alleged that on 7 July 1970 she parked her automobile in the 1200 block of Oaklawn Avenue, a paved street maintained by and located within the city limits of the City of Charlotte. As she stepped out of her automobile onto the pavement "said pavement loosened, gave way, [and] caved in, causing the Plaintiff to fall . . ." and injure her left hip, right knee and lower back. These injuries were caused by the failure of the defendant to exercise due care in discovering and repairing "the dangerous condition of the said street."

Defendant filed answer denying the material allegations of the complaint and alleged as a further answer and defense that plaintiff had failed to notify the City Council of her claim in accordance with Section 9.01 of the Charter of the City of Charlotte, which provides:

*Notice of damages.* No action for damages against the City of Charlotte of any character whatever, to either person or property, shall be instituted against the city unless within ninety (90) days after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the *City Council* of such injury in writing, stating in such notice the date, time and place of happening or infliction of such injury, the manner of such infliction, the character of the injury and the amount of damages claimed therefor, but this shall not prevent any time of limitation prescribed by law from commencing to run at the date of happening or infliction of such injury or in any manner interfere with its running. [Emphasis ours.]

Plaintiff thereafter made a motion to amend her complaint and this motion was allowed by the trial court. In her amended complaint, filed 25 April 1974, plaintiff alleged that she notified the defendant of her injuries in a letter (Exhibit A) written by her attorney dated 30 July 1970 which was mailed to the City

Manager of Charlotte. The receipt of this letter was duly acknowledged by the City Manager in a letter (Exhibit B) dated 3 August 1970. Exhibit A is as follows:

July 30, 1970

Mr. William Veeder
Manager, City of Charlotte
City Hall
East Trade Street
Charlotte, N. C.

Re: Mrs. Louise G. Miller<br>D/A 7/7/70

Dear Mr. Veeder;

This letter is to advise that I represent Mrs. Miller and she advises me that she was injured at 1210 Oaklawn Ave in the City of Charlotte when the street pavement gave way beneath her causing her to fall. I have personally looked at this hole which was left after her fall and the same is located in the westbound travel portion of Oaklawn Avenue adjacent to the address 1210 Oaklawn Avenue.

In view of the fact that Mrs. Miller was rather seriously injured in the fall and has required medical attention, I feel compelled to assist her in her claim for damages against the City. I called this condition to the attention of the City Attorney several days ago, but I am not sure that the street has been repaired.

If the appropriate representative of the city would like to discuss Mrs. Miller's claim, I will be happy to discuss the same with him. If I do not hear from you, I will assume that you are not interested and file the appropriate lawsuit to protect Mrs. Millers' (sic) interest.

Thank you for your cooperation.

Sincerely,<br>Edmund A. Liles

cc; Mr. Henry Underhill, City Atty.

---

Miller v. City of Charlotte

---

Exhibit B is as follows:

August 3, 1970

Mr. Edmund A. Liles
Attorney at Law
Law Building, Room 511
Charlotte, North Carolina 28202

Dear Mr. Liles:

This will acknowledge your letter of July 30, 1970 making claim against the City of Charlotte on behalf of Mrs. Louise G. Miller for injuries she reportedly received in a fall at 1210 Oaklawn Avenue on July 7, 1970.

Your claim has been forwarded to our City Attorney for his study and recommendation.

Cordially,
s/ W. J. Veeder
City Manager

WJV:aa
cc: H. W. Underhill, City Attorney

Thereafter, defendant made a motion for judgment on the pleadings, which was allowed. From a judgment dismissing the claim, plaintiff appealed.

*Edmund A. Liles for plaintiff appellant.*

*Office of the City Attorney by H. Michael Boyd for defendant appellee.*

HEDRICK, Judge.

Plaintiff contends (1) that her attorney's letter to the City Manager dated 30 July 1970 (within ninety days of the date of the accident) substantially complied with the requirements of Section 9.01 of the Charter of the defendant city and (2) that the defendant city in part because of its letter dated 3 August 1970 acknowledging receipt of Exhibit A is estopped to complain of a lack of notice in this matter.

Similar contentions in remarkably similar factual situations were made and rejected in *Redmond v. City of Asheville*, 23 N.C. App. 739, 209 S.E. 2d 820 (1974); *Johnson v. City of Winston-Salem*, 15 N.C. App. 400, 190 S.E. 2d 342 (1972), aff'd. 282

N.C. 518, 193 S.E. 2d 717 (1973) ; and *Short v. City of Greensboro,* 15 N.C. App. 135, 189 S.E. 2d 560 (1972). We find and hold that these decisions are controlling in the present case and no useful purpose will be served by further elaboration thereon. The judgment appealed from is

Affirmed.

Judges BRITT and MARTIN concur.