SAMUEL JENKINS v. CITY OF WILMINGTON, NORTH CAROLINA

No. 795DC572

(Filed 4 March 1980)

**Municipal Corporations § 42— claim against city—notice to city council—notice given to city manager and city attorney**

    The requirement of G.S. 1-539.15 that written notice of a tort claim against a city be given to the city council within six months after the claim arises was substantially complied with where plaintiff's attorney sent written notice of plaintiff's claim to the city manager and to the city attorney approximately three weeks after plaintiff's injury occurred.

APPEAL by plaintiff from *Rice, Judge*. Order entered 31 January 1979 in District Court, NEW HANOVER County. Heard in the Court of Appeals 17 January 1980.

Plaintiff filed his complaint on 8 December 1978 alleging personal injury on 22 November 1976, resulting from the negligence of defendant municipality in failing to repair a street.

Defendant's answer contained a plea in bar, the failure of plaintiff to give notice of his tort claim to defendant as required by N.C. Gen. Stat. § 1-539.15.

The parties stipulated that on 13 December 1976 the City Manager and City Attorney received a letter from plaintiff's attorney, John J. Burney, Jr., advising them of plaintiff's 22 November 1976 tort claim.

Defendant moved for summary judgment on grounds that no written notice was given as required by N.C. Gen. Stat. § 1-539.15. In support of his motion defendant submitted the affidavits of the City Manager, City Clerk and City Attorney, all averring that the City Council was not notified of the 22 November 1976 claim until after service of summons on 27 November 1978, and that the City Council had not designated a person to receive notice of such claims. City Attorney Yow further averred that to the best of his recollection he had not been notified of the tort claim until after a summons had been served on the City on 27 November 1978.

Plaintiff countered with the affidavit of John J. Burney, Jr., who averred that as attorney for plaintiff he served within six

months' notice of the claim upon the City Attorney, as he had done in many other tort claims against the City, and that the City Attorney accepted service of the notices as required by N.C. Gen. Stat. § 1-539.15.

Plaintiff appeals from summary judgment in favor of the defendant.

*Donald M. Saunders for plaintiff appellant.*

*Crossley & Johnson by Robert White Johnson for defendant appellee.*

CLARK, Judge.

The sole question raised by this appeal is whether plaintiff's claim is barred for failure to give written notice to the City Council within six months after the cause of action arose, as required by N.C. Gen. Stat. § 1-539.15.

It must be conceded that plaintiff failed to give written notice to the City Council. However, it is stipulated by the parties that on 13 December 1976 (about three weeks after his injury occurred) the City Manager and City Attorney of defendant municipality received a letter from plaintiff's attorney. It is clear that this letter contained the required information about the time, place and nature of the claim.

We find that the case before us is controlled by *Miller v. City of Charlotte*, 288 N.C. 475, 219 S.E. 2d 62 (1975). The facts in *Miller* are remarkably similar to the facts in the case *sub judice*. In that case the city ordinance required written notice to the City Council. The claimant in apt time gave written notice to the City Manager, who in turn notified the City Attorney. It was held that the notice requirements were "substantially and reasonably met . . . ." 288 N.C. at 484, 219 S.E. 2d at 68. Justice Moore, for the court, noted the newly enacted statewide statute effective 1 October 1975, N.C. Gen. Stat. § 1-539.15, which did not apply to the claim in that case, and commented: "Thus, it is clear that the General Assembly recognizes that notice of a claim filed with a responsible official of a city, such as the city manager or the city attorney, or other designee of the council, is sufficient. Admittedly, these statutes are not applicable to the present case, but they do indicate the legislative intent to broaden rather than further

restrict the officials to whom notice of claim may be given." 288 N.C. at 483-484, 219 S.E. 2d at 68.

We interpret *Miller* as adopting the view that only substantial compliance with N.C. Gen. Stat. 1-539.15 is required, if the claimant has satisfied the requirement of written notice but failed to comply with a particular required element. However, we do not construe the substantial compliance holding in *Miller* to extend to the situation where the claimant failed entirely to comply with the formal notice requirement and relies instead on actual knowledge. One purpose of the notice requirement is to enable the city to conduct a timely investigation of the accident. Where the purpose of the statute has been satisfied, the courts are reluctant to enforce a policy which renders the notice provision a trap for the unwary. Comment, 14 Wake Forest L. Rev. 215 (1978).

The appellee relies on *Johnson v. Winston-Salem*, 282 N.C. 518, 193 S.E. 2d 717 (1973); *Short v. City of Greensboro*, 15 N.C. App. 135, 189 S.E. 2d 560 (1972); and, *Redmond v. City of Asheville*, 23 N.C. App. 739, 209 S.E. 2d 820 (1974). These cases involved various city ordinances with notice requirements differing from those of N.C. Gen. Stat. § 1-539.15. We make no further attempt to distinguish these cases since the applicable city ordinance and the facts in *Miller* are substantially similar to the notice statute and the facts in the case *sub judice*, and since the *Miller* holding of substantial compliance is later authority and is much easier to defend than some of the other cases which appear to support a strict application of the notice requirement.

The summary judgment is

Reversed and the cause remanded.

Judges VAUGHN and HEDRICK concur.