BANCROFT & MARTIN, INC.

v.

LOCAL NO. 340, TRUCK DRIVERS,
WAREHOUSEMEN & HELPERS
UNION, et als.

Supreme Judicial Court of Maine.

April 2, 1980.

Bernstein, Shur, Sawyer & Nelson, James H. Young, II, orally, F. Paul Frinsko, Sumner T. Bernstein, Portland, for plaintiff.

William F. Gore, orally, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

GLASSMAN, Justice.

The defendant, Local No. 340, Truck Drivers, Warehousemen & Helpers Union, appeals pursuant to 26 M.R.S.A. § 6 from an interlocutory order of the Superior Court, Cumberland County, granting a preliminary injunction which enjoined the defendant and its members, who were on strike and picketing outside the plaintiff's place of business, from blocking access to or egress from the plaintiff's premises. The plaintiff, Bancroft & Martin, Inc., has brought a motion to dismiss the appeal. By order of the Chief Justice this motion was consolidated for argument with the merits. We dismiss the appeal.

■ An examination of the docket reveals that a preliminary injunction was issued and entered upon the docket on September 24, 1979. The defendant filed a notice of appeal on October 3, 1979, and on October 31 the plaintiff filed a notice of dismissal pursuant to M.R.Civ.P. 41(a)(1)(i). Jurisdiction vested in the Law Court on November 14, 1979 when the record was

transmitted by the Clerk of the Superior Court to this Court and the case was marked "LAW" on the docket. *See Isely v. Wilkins,* Me., 253 A.2d 51, 53 (1969); M.R. Civ.P. 74A(b).

M.R.Civ.P. 41(a)(1) provides in pertinent part:

> Subject to the provisions of Rule 23(c) and of any statute, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before commencement of trial of the action . . ..

The plaintiff contends that since the hearing on the application for preliminary injunction was not combined with the hearing of the action for permanent injunction as is permitted by M.R.Civ.P. 65(b)(2) the trial had not commenced and therefore it had an absolute right to voluntarily dismiss the action. The plaintiff then reasons that because the action has been dismissed the defendant has nothing from which to appeal.

In allowing a plaintiff to dismiss an action voluntarily at any time before commencement of trial, M.R.Civ.P. 41(a) is unlike the comparable federal rule. *See* F.R. Civ.P. 41(a). The Reporter's Notes to our rule state that its purpose was to continue the Maine practice of allowing "the plaintiff to take a voluntary nonsuit as of right at any time before the commencement of the trial." Reporter's Notes, M.R.Civ.P. 41. This was unquestionably the pre-Rules practice in this state in actions at law. *See, e. g., Washburn v. Allen,* 77 Me. 344, 352 (1885). The pre-Rules practice in equitable actions was somewhat different. As noted in the standard text on Maine equity practice,

> [a]fter a decree whether final or interlocutory has been made by which the rights of a party defendant have been adjudicated, the plaintiff will not be allowed to dismiss his bill without the consent of the defendant, since all parties are interested in a decree. 1 R. Whitehouse, Equity Practice 546 (1915).

Whether the merger of law and equity and the promulgation of Rule 41(a) have changed this prior Maine practice with regard to dismissals in equitable actions is an issue which we need not decide in this case.

Here we deal with a preliminary injunction, issued after hearing, which by statute is made appealable. *See* 26 M.R.S.A. § 6. In this limited circumstance, we construe the words in Rule 41(a)(1), "before commencement of trial of the action," as meaning before commencement of the hearing on the application for preliminary injunction. To hold otherwise would be to deprive a defendant against whom a preliminary injunction has issued of the statutorily granted right of appeal. We therefore hold that the notice of dismissal in this case was of no force and effect.

■ Yet this appeal must be dismissed because the action is moot. The labor dispute which precipitated the action has been settled. The employer and the union have entered into a new collective bargaining agreement, and the members of the union have returned to work. No picketing is presently in progress. Nothing in the record suggests there is a reasonable expectation the defendant will again be enjoined from blocking the entrance to the plaintiff's premises. *See Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350, 352 (1975) (per curiam). There is no existing dispute between the parties which can be resolved by any action of this Court. There is no live controversy. Any decision which we might render would be of no legal significance.

The entry is:

Appeal dismissed.

NICHOLS, J., did not sit.