Argued and submitted February 6, reversed and
remanded June 29, reconsideration denied August 13,
petition for review denied September 22, 1981 (291 Or 662)

# LEONARD,
*Respondent,*

*v.*

# STATE OF OREGON, by and through
its HIGHWAY DEPARTMENT,
*Appellant.*

## (No. 16-80-01624, CA 18668)

630 P2d 885

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the appellant's brief were James M. Brown, former Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General. With him on the appellant's reply brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Paul D. Clayton, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Plaintiff brought this tort action against defendant for property damage arising from an automobile accident. Defendant appeals, claiming that the trial court erred in: (1) denying its motion for summary judgment; and (2) allowing plaintiff's cross-motion for summary judgment. The sole issue on appeal is whether the trial court properly found that plaintiff complied with the notice provisions of the Tort Claims Act in ORS 30.275(1). Specifically, we must determine whether the statutory provisions were satisfied by the timely presentation to defendant of a third party's tender of defense and notice of claim against defendant for contribution, indemnity and damages. We reverse and remand.

The facts in this case are not in dispute. On March 12, 1978, plaintiff was involved in an automobile accident inside the Salt Creek Falls Tunnel. As plaintiff entered the tunnel, she observed that a number of vehicles had collided on the icy roadway. She stopped her vehicle to avoid the accident. Thereafter, she was struck from behind and propelled forward into an already stalled automobile. Her vehicle suffered extensive damage.

Plaintiff filed a complaint for her property damage against certain individuals involved in the accident, but not the state. One of those individuals had been operating a truck owned by E. L. Cummings, Inc. (Cummings). On May 2, 1978, an insurance adjuster employed by the insurance carrier for Cummings wrote a letter to the Attorney General advising him of his receipt of plaintiff's demand letter against his insured. The letter detailed the time, place and circumstances of the accident, plaintiff's name and the name of her counsel and the amount of plaintiff's claim against his insured. The adjuster further advised that his investigation had revealed that a neon "Ice" sign located at the tunnel entrance had not been illuminated at the time of the accident and that he believed the State Highway Department and State Police had been negligent in failing to provide adequate warning of icy road conditions. He further advised that Cummings intended to seek reimbursement from defendant for its property damage sustained in the accident.

On May 11, 1978, the adjuster sent a letter, along with a copy of plaintiff's complaint against his insured, to defendant's liability claims adjuster. In this letter, he formally tendered the defense of plaintiff's claim to defendant and, in addition, advised that he intended to seek indemnity and contribution from defendant for any amount ultimately paid by his company in connection with plaintiff's claim. On May 18, 1978, defendant's liability claims adjuster acknowledged receipt of the May 2 letter. In reply, he neither accepted nor rejected the tender of defense, but did advise that he intended to investigate the matter fully to determine defendant's "total involvement" in the accident.

Plaintiff's action subsequently went to trial. As a part of that litigation Cummings had brought a third party action against defendant, but plaintiff had still not instituted an action against the state. The jury, in its verdict on the complaint and third party action, found that defendant was 90 percent negligent as a result of its failure to illuminate the "Ice" sign at the east end of the Salt Creek Tunnel.

On February 20, 1980, plaintiff filed the present action.[1] In her complaint, she alleged that defendant was collaterally estopped from denying its liability to her based on the prior determination of its negligence. She also alleged that "[w]ithin 180 days after the accident * * *, written notice stating the time, place and circumstances thereof, the name of plaintiff and her attorney, together with the amount of compensation or relief demanded was presented to defendant."

Defendant denied plaintiff's allegation of notice and alleged, as an affirmative defense, that she had failed to give notice to defendant as required by ORS 30.275. Subsequently, both parties moved for summary judgment. As noted, the trial court allowed plaintiff's motion, denied defendant's motion and entered judgment in favor of plaintiff against defendant.

At the time of the accident, ORS 30.275, in pertinent part, provided:

---

[1] The record does indicate the reasons why plaintiff did not join this defendant as a defendant in the prior action. The defendant herein makes no claim that plaintiff has improperly split her cause of action.

"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than herein provided, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice.

"* * * * *

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity."[2]

The precise issue here is whether plaintiff satisfied the statute's notice requirements that "[e]very person who claims damages from a public body * * * shall cause to be presented to the public body * * * written notice * * *."

Defendant argues that plaintiff failed to file a notice of claim against it for damages resulting from the 1978 accident. Rather, defendant contends it merely received a notice sent by the representative of a private defendant whom plaintiff had sued in a prior action arising from the same accident. That notice, it is contended, did not

_____

[2] The statute was amended by Oregon Laws 1979, ch 284, § 64, but none of the sections discussed here were substantively altered.

contain any indication of a claim by plaintiff against the state nor any intent on her part to seek such relief. Defendant contends the notice did not comply with the requirements specified in ORS 30.275, because it was not caused to be presented by a person claiming damages from the state at the time of its receipt.

Plaintiff argues that the notice received by defendant satisfied the statutory requirements. She submits that as a result of her initial suit, she "caused to be delivered" to defendant timely notice of her "claim." She argues that there is nothing contained in ORS 30.275 which required her to have personally made a demand on the state funds. She submits that her notice substantially complied with the provisions of the statute and, therefore, satisfied the statute's notice requirement.

■ Both parties have principally viewed the issue in this case as being whether plaintiff's notice constituted "substantial compliance" with the requirements of ORS 30.275. Our appellate courts have applied the theory of "substantial compliance" to the requirements of ORS 30.275 in order to avoid technical errors in otherwise valid notice of tort claims made against public bodies. *Brown v. Portland School Dist. # 1,* 291 Or 77, 628 P2d 1183 (1981); *Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976); *Yunker v. Mathews,* 32 Or App 551, 574 P2d 696, *rev den* 282 Or 537 (1978); *Croft v. Gulf & West./Highway Comm.,* 12 Or App 507, 506 P2d 541, *rev den* (1973); *but cf. Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980). As noted in *Brown v. Portland School Dist. # 1, supra:* "The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served." 291 Or at 81.

The purpose of the Tort Claims Act is to give the public body timely notice of the tort claim and to allow its officers an opportunity to investigate matters promptly and ascertain all the facts. *Brown v. Portland School Dist. # 1, supra,* 291 Or at 81; *Urban Renewal Agency v. Lackey, supra,* 275 Or at 41; *Croft v. Gulf & West./Highway Comm., supra,* 12 Or App at 515. Additionally, the notice serves

to provide a full opportunity for the public body to settle all meritorious claims without litigation. *Urban Renewal Agency v. Lackey, supra,* 275 Or at 41, n 5.

■ The theory of substantial compliance is applicable only where the notice presented is sufficient to serve these statutory purposes. The notice in this case apprised defendant of the facts and circumstances of an accident, that plaintiff claimed damages against Cummings and that Cummings intended to seek indemnity and contribution from defendant in the event it was found liable to plaintiff. The notice did not notify defendant of any claim by plaintiff against it or of plaintiff's intent to make any claim. In the absence of such notification, defendant did not receive notice of a *tort claim* being made against it by plaintiff prescribed by ORS 30.275. Defendant had no opportunity to investigate the facts pertinent to *plaintiff's claim* or seek a settlement of *plaintiff's claim* prior to institution of any litigation, because it had no indication that any such claim was being made by plaintiff. The theory of substantial compliance, therefore, is not applicable to the issue presented in this case.

■ We conclude that plaintiff failed to comply with the notice requirement in ORS 30.275. The underlying predicate for the provisions in the statute is the existence of a *claim* being made against a public body at the time notice is caused to be presented. The notice must contain a claim for relief of some kind from the party who seeks to rely on it. Here, plaintiff had made no claim against defendant when defendant was presented with the notice in question. The notice did not satisfy the requirements specified in ORS 30.275. *See Pacific Tel. and Tel. Co. v. County of Riverside,* 106 Cal App 3d 183, 165 Cal Rptr 29 (1980). The trial court erred in allowing plaintiff's motion for summary judgment.[3]

Reversed and remanded.

---

[3] As noted, defendant also asserted that the trial court erred in denying its motion for summary judgment. An order denying a summary judgment is not a final order under ORS 19.010 and is not appealable. *Polsfoot v. Transamerica Title,* 47 Or App 261, 263 n 1, 614 P2d 1173, *rev den* 290 Or 157 (1980); *Hoy v. Jackson,* 26 Or App 895, 554 P2d 561, *rev den* 276 Or 735 (1976). Accordingly, we do not reach this issue.