Argued and submitted October 25, 1985, reversed and remanded August 13, reconsideration denied November 7, petition for review denied November 25, 1986 (302 Or 299)

CAMERON et al,
*Appellants,*

*v.*

STATE OF OREGON, DEPARTMENT
OF TRANSPORTATION, Highway Division et al,
*Respondents.*

(16-84-03806; CA A34844)

723 P2d 378

Michael E. Swaim, Salem, argued the cause for appellant. With him on the brief was Swaim, Betterton & Eder, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs brought this negligence action against defendants for personal injuries and property damage. The court granted summary judgment to defendants, holding that plaintiffs had failed to meet the notice requirements for actions against a public body, ORS 30.275, and plaintiffs assign that ruling as error. We reverse.

The undisputed facts before the court on the state's motion for summary judgment are that, on May 30, 1982, in the Salt Creek Falls Tunnel on Highway 58, plaintiff William Cameron lost control of the vehicle in which his wife, plaintiff Ruth Cameron, was a passenger and collided head-on with another vehicle carrying four passengers. On October 8, 1982, the claims representative for Nationwide Insurance Company, plaintiffs' insurance company, sent a certified letter to the Oregon Attorney General, with a copy to the Director of General Services, which stated:

"Re:   Claim Number                   515-590
Insured:                              William Cameron
Accident Date:                        5/30/82
Accident Type:                        Automobile head-on collision
Accident Location:                    East Salt Creek Falls Tunnel,
                                      Highway 58, Lane County
Injured Parties:                      Idella Chambers, Dennis R.
                                      Stinson, Ronald L. Glenn, Lynda
                                      L. Glenn, William B. Cameron,
                                      Ruth M. Cameron

"Dear Sir:

"This letter is to notify you, on behalf of the State of Oregon, State Highway Department, that we find the State of Oregon, and the State Highway Department, responsible for property damage and personal injuries incurred as a result of an automobile accident which occurred in the East Salt Creek Tunnel on Highway 58, Lane County at 12:15 P.M. on May 30, 1982.

"Our investigation reveals that this accident occurred because of inadequate lighting in this tunnel. Not only is the lighting inadequate when the lights are all working, it is extremely hazardous when some of the lights are burned out as was the case at the time of this accident.

"We will be looking to the State of Oregon for a contribution towards the settlement of all claims arising from this accident.

"Sincerely,

"NATIONWIDE INSURANCE

"Harlan Arp
"Claims Representative"

■        Defendants urge that this case is controlled by *Leonard v. State Highway Dept.,* 52 Or App 923, 630 P2d 885 (1981), where the plaintiff was also involved in an automobile accident with another vehicle in the Salt Creek Falls Tunnel. The insurance adjuster for the owner of the other vehicle wrote the state a letter which identified the plaintiff, gave details of the accident and then stated that the owner of the other vehicle intended to seek reimbursement for its property damage from the state. Later, when the plaintiff sued the state, she argued that the information that the insurance adjuster provided complied with the notice provisions of ORS 30.275.[1] The trial court granted summary judgment for plaintiff. We reversed and remanded, holding that the plaintiff had failed to comply with the notice requirement because the insurance adjuster's letter for the owner of the other vehicle gave the defendant "no indication that any such claim was being made by plaintiff." 52 Or App at 929. *See also Beaver v. Pelett,* 299 Or 664, 705 P2d 1149 (1985). We also noted in *Leonard* that the state had not investigated the facts pertinent to the plaintiff's claim or sought a settlement before institution of that litigation.

Both *Leonard* and *Beaver* were decided under an earlier version of ORS 30.275, which the legislature amended in 1981. Present ORS 30.275(4) and (5) cover *formal* notice and are essentially the same as the earlier provisions of ORS 30.275(1), except that notice by certified mail is no longer required. Plaintiffs' notice here does not meet the requirements of formal notice. The 1981 amendments, however, added ORS 30.275(6) concerning *actual* notice:

---

[1] ORS 30.275(1) then provided:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General.* * *"

> "Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employe or agent of the public body.* * *"

There is no question but that the state received actual knowledge of the time, place and circumstances giving rise to plaintiffs' claim.[2] The question, however, is whether there is a genuine issue of material fact that the letter in its entirety is such that "a reasonable person would conclude that [plaintiffs intend] to assert [claims] against [the state]."

Defendants argue that all the letter can reasonably mean is that plaintiffs' insurer will make a claim for contribution. We disagree. Here, the letter is from William Cameron's own insurance representative and specifically states that plaintiffs were "injured parties" and that the state and its agents are "responsible for property damage and personal injuries incurred as a result" of the accident. In the last paragraph of the letter of October 8, 1982, it advises defendants that they will be held responsible for contribution for "all claims" arising from the accident. "All claims" include those of plaintiffs for personal injuries. William Cameron's claim could not be a claim for contribution from Nationwide, because he was its insured.

We cannot say that the letter gave "no indication," *see Leonard v. State Highway Dept., supra,* 52 Or App at 929,

---

[2] On June 7, 1983, defendants' claims adjuster wrote to Nationwide:

"We have previously acknowledged your letter directed to Dave Frohnmayer, Oregon's Attorney General. Your notice letter places the State of Oregon on notice of a claim you are asserting on behalf of your insured, Cameron, for injuries received by miscellaneous parties as outlined in your October 8, 1982 letter. You are seeking contribution for claims which are asserted against Mr. Cameron and for which you may eventually conclude.

"Investigation conducted by this Department shows that the State of Oregon was not negligent. Unfortunately, we are unable to consider the claims you are presenting on behalf of your insured for contribution or subrogation and those parties listed."

that plaintiffs were making claims against the state.[3] We conclude that there is a genuine issue of material fact whether, from the letter as a whole, the state could reasonably conclude that plaintiffs intended to assert claims for their personal and property injuries against the state.

■        In *Brown v. Portland School Dist. No. 1,* 291 Or 77, 81, 628 P2d 1183 (1981), the court interpreted ORS 30.275(1) covering the then equivalent of formal notice and stated:

> "The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served."

The object of ORS 30.275(4) and (5) is to allow timely notice to the state of a tort claim so that it can make a prompt investigation. *See Leonard v. State Highway Dept., supra,* 52 Or App at 928. We should be no more technical in interpreting the "actual notice" requirements of ORS 30.275(6). The court erred in granting summary judgment to defendants.

Reversed and remanded.

---

[3] The record shows that, after receiving the letter, the state established a reserve under the name of each of the six injured parties to cover not only the contribution claims of plaintiffs' insurer, but also the claims of those parties if they decided to make claims. Defendants also investigated the claims.