Argued and submitted April 11, affirmed December 14, 1988

## LAWSON,
*Appellant,*

*v.*

## COOS COUNTY SCHOOL DISTRICT #13,
*Respondent.*

(87CV-0303; CA A45233)

765 P2d 829

Kathleen P. Eymann, North Bend, argued the cause and filed the brief for appellant.

Ridgway K. Foley, Jr., P.C., Portland, argued the cause for respondent. With him on the brief were Thomas V. Dulcich, and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff's minor ward was injured on defendant school district's property on March 31, 1982. On February 22, 1985, plaintiff sought a declaratory judgment that the minor's claim was not time-barred by the two-year Statute of Limitations for tort claims against public bodies. ORS 30.275(8). The trial court dismissed the case on the basis that it did not present a justiciable controversy. We affirmed, noting that the limitations issue would become actual only if plaintiff were to file a lawsuit and defendant were to raise that defense. *Lawson v. Coos Co. Sch. Dist. #13*, 81 Or App 358, 724 P2d 943 (1986). Plaintiff then filed this negligence action. Defendant moved for summary judgment, contending that the action was barred by ORS 30.275(8).[1] The trial court granted summary judgment, and plaintiff appeals. We affirm.

The two-year time limit for actions against public bodies is in ORS 30.275(8):

> "Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

Plaintiff argues that the ORS 30.275(8) limitation does not apply in this case, because plaintiff's ward was a minor and, under ORS 12.160, the Statute of Limitations is tolled for a minor.[2] Although the statutory language is not entirely clear, we conclude that plaintiff's status as a minor did not toll the two-year time limit.

---

[1] Defendant also argues that *res judicata* bars this proceeding because of the dismissal of the declaratory judgment proceeding. In view of our holding that the action is barred by the limitations in ORS 30.275(8), it is unnecessary to address this issue.

[2] ORS 12.160 states, in relevant part:

"If, at the time the cause of action accrues, any person entitled to bring an action * * * is:

"(1) Within the age of 18 years

"(3) * * * *the time of such disability shall not be a part of the time limited for the commencement of the action;* but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases." (Emphasis supplied.)

■ Plaintiff contends that the "notwithstanding" language of ORS 30.275(8) applies only to provisions in chapter 12 and other statutes that *limit* commencement of an action. Therefore, because ORS 12.160 *extends* the time for commencement of an action, it is not subject to the two-year time limit. We disagree. The statute states two exceptions to the two-year limitation: ORS 12.120 and ORS 12.135.[3] Immediately following the exception language, the statute provides that the two-year limitation applies "notwithstanding *any other provision of ORS chapter 12* or other statute providing a limitation on the commencement of an action." (Emphasis supplied.) Further, the statute sets out the "notwithstanding" provisions in the alternative: The time limit applies (1) notwithstanding any other provision of ORS chapter 12 *and* (2) notwithstanding any other statute providing a limitation on the commencement of an action.[4]

Our conclusion that the two-year limitation is not tolled by plaintiff's minority status is further supported by the fact that, in another subsection of ORS 30.275, minority status is specifically addressed. ORS 30.275(2) provides:

"Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority incompetency or other incapacity:

"(a) For wrongful death, within one year after the alleged loss or injury.

"(b) All other claims, within 180 days after the alleged loss or injury."

---

[3] ORS 12.120 provides for a one-year limitation for an action against a sheriff or other officer for escape of a prisoner or an action for libel or slander. ORS 12.135 concerns actions for damages resulting from the construction, alteration or repair of real property.

[4] In its argument that ORS 12.160 tolls the two-year Statute of Limitations against public bodies, plaintiff relies on *Bradford v. Davis,* 290 Or 855, 626 P2d 1376 (1981), which did hold that ORS 12.160 tolled the two-year limitation against public bodies. However, at the time of that decision, ORS 30.275 did not include the present language of subsection 8, nor did the statute refer in any way to the provisions of ORS Chapter 12. Subsequent to the *Bradford* decision, the legislature added the language of subsection 8, which makes it clear that the two-year limitation applies "notwithstanding any other provision of ORS Chapter 12."

■     Plaintiff also argues that the limitation in ORS 30.275(8) is not applicable, because defendant made an "advance payment" and that, therefore, under ORS 12.155,[5] the time limitations of ORS 30.275 were tolled. Assuming, without deciding, that an advance payment was made, the two-year limitation of ORS 30.275 applies. ORS 12.155 is not excepted from the application of ORS 30.275 and, for the reasons discussed above, it does not toll the two-year time limitation of ORS 30.275.

Affirmed.

---

[5] ORS 12.155(2) states, in relevant part:

"If the notice [of date of expiration of limitation period] is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."