Argued and submitted January 6, reversed and remanded in part; otherwise affirmed April 8, respondent Bay Area Hospital's petition for reconsideration denied by opinion August 12, 1992

Christina Marie PEREZ,
by and through her guardian
ad litem Julie Yon, and Julie Yon,
*Appellants,*

*v.*

BAY AREA HOSPITAL,
Pat Perry Stadden,
Children's Services Division,
and Alan Nickerson,
*Respondents,*

*and*

DOES 1-20,
*Defendants.*

(89 CV 0685; CA A66877)

829 P2d 700

John C. Babin, Brookings, filed the briefs for appellants.

Robert E. Bluth, Medford, argued the cause for respondents Nickerson and Bay Area Hospital. With him on the briefs were William V. Deatherage and Frohnmayer, Deatherage, Jamieson & Turner, P.C., Medford.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents Stadden and Children's Services Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this negligence action under the Oregon Tort Claims Act (OTCA), plaintiffs[1] appeal summary judgments entered in favor of defendants.[2] We affirm in part and reverse in part.

On January 27, 1988, Julie Yon took her seven-year old daughter, Christina Perez, to the emergency room at Bay Area Hospital in Coos Bay. The physician on duty, Dr. Gabert, diagnosed the child's condition as a vaginal infection. She prescribed medication, instructed the child on proper hygiene and took a vaginal culture, which was tested in the hospital laboratory. The lab reports showed no evidence of gonorrhea, a sexually transmitted disease.

On January 29, 1988, the Coos Bay office of the Children's Services Division (CSD) received a telephone report that Christina had been to the hospital emergency room and had tested positive for gonorrhea. A CSD employee, Stadden, went to the child's elementary school with a police officer and informed the school secretary that there was reason to believe that Christina had acquired a sexually transmitted disease. Stadden then questioned Christina to determine who had engaged in sexual contact with her, but the child did not disclose that any such contact had occurred. After the interview, Stadden went to Yon's house and told her about the telephone report. Within the week, Yon learned that the hospital laboratory tests had not indicated the presence of gonorrhea. CSD was notified, and the investigation was terminated as unfounded.

On July 13, 1989, Yon was appointed guardian *ad litem* for Christina; on that date, she filed a complaint on behalf of herself and the child alleging, *inter alia*, that Gabert[3] had negligently caused a report to be made to CSD and that Stadden had been "negligent in disclosing information

---

[1] Although the pleadings and motions below refer to both "plaintiff" and "plaintiffs" interchangeably, we refer to them in the plural, because the parties treat the mother as having asserted a claim in her own right as well as in her capacity as guardian.

[2] Plaintiffs do not challenge the summary judgments on their claims of intentional infliction of emotional distress and defamation.

[3] Plaintiffs subsequently dismissed the claim against Gabert.

and identifying information" during the investigation. During depositions, Stadden refused to disclose the identity of the individual who had made the report but, in an affidavit submitted in support of her motion for summary judgment, she said:

> "[O]n Friday, January 29, 1988, at 11:45 a.m., I received a telephone call from a person who identified herself as a nurse working in the emergency room at Bay Area Hospital in Coos Bay. The call reported, in substance, that a vaginal culture for a girl by the name of Christina Perez cultured positive for gonorrhea."

■ Plaintiffs' first assignment of error is directed at the summary judgment for CSD and Stadden, who moved for summary judgment on the ground that Stadden's disclosures to the law enforcement officer, the school secretary and Yon were authorized or required by ORS 418.755, ORS 418.760(1), ORS 418.770(2) and OAR 412-01-145(1), (2)(c), (2)(f) and (5)(b). Plaintiffs argued that, because Stadden had failed to contact the hospital to verify independently the telephone report and because that failure could arguably constitute negligence, a material question of fact remained as to whether Stadden had conducted a negligent investigation. The trial court granted the motion.

Summary judgment was appropriate if there was no "genuine issue as to any material fact" and CSD and Stadden were entitled to judgment in their favor as a matter of law. ORCP 47D. Although it does not appear that any facts were in dispute regarding the manner in which Stadden carried out the investigation, and although the legal authorities cited by defendants establish that Stadden's *disclosures* were permitted, that does not answer whether Stadden should have verified the information provided by the telephone caller.

ORS 418.760(1) requires that, after receipt of a report of child abuse, CSD "shall immediately cause an investigation to be made to determine the nature and cause of the abuse." However, that requirement does not imply that an investigator need not even attempt to establish the veracity of the report. CSD and Stadden point to the fact that no rule or statute requires CSD to wait until all of the information in a report is verified and argue that CSD should not be made to "painstakingly confirm the source of each

allegation or the truth and accuracy of each medical test before reacting." CSD has an obligation to move quickly to investigate reported abuse; however, the question of whether Stadden was negligent in failing to call the hospital, as part of her investigation, is a disputed factual matter. Accordingly, CSD and Stadden were not entitled to summary judgment.[4]

■    Plaintiffs' second assignment of error challenges the trial court's granting of Bay Area Hospital's motion for summary judgment. The hospital argued that plaintiffs failed to give notice of the tort claim within the time specified in OTCA.[5] The parties appear to agree that, because of Christina's minority, she was required to give notice of her tort claim within 270 days of the incident, *Pickett v. Washington Co.*, 31 Or App 1263, 1267, 572 P2d 1070 (1977), and Yon was required to give notice of her claim within 180 days. ORS 30.275(2)(b).[6]

The OTCA notice requirement can be satisfied by the commencement of an action. ORS 30.275(3)(c). Plaintiffs allege that their complaint, filed July 13, 1989, provided the requisite notice. Although that date is more than 270 and more than 180 days after the January 19, 1988, incident, plaintiffs argue that the time did not begin to run for Christina until a guardian *ad litem* had been appointed and did not begin to run for Yon until she discovered the identity of the person responsible for filing the false report with CSD.

In *Banda v. Danner*, 87 Or App 69, 741 P2d 514 (1987), *aff'd by an equally divided court* 307 Or 302, 766 P2d 385 (1988), we held that a parent's knowledge of facts constituting negligence is not attributable to a child until that parent becomes the child's guardian *ad litem*, when the parent gains

---

[4] However, for reasons that are discussed below, the summary judgment against Yon was proper on other grounds.

[5] It is undisputed that the hospital is a public body subject to the OTCA.

[6] ORS 30.275 provides, in part:

"(2)  Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:

"(a)  For wrongful death, within one year after the alleged loss or injury.

"(b)  For all other claims, within 180 days after the alleged loss or injury."

"the legal ability to act in court on [the child's] behalf with regard to this claim, and her knowledge may properly be considered [the child's]. The time for notice under ORS 30.275 [does] not begin running until then, assuming that [the] plaintiff at that time knew sufficient facts to initiate its running." 87 Or App at 74.

Christina's guardian *ad litem* was appointed on July 13, 1989, and the 270-day notice period began to run on that day. *Banda v. Danner, supra.* The complaint, which provided notice under OTCA, was also filed on July 13, 1989. Therefore, notice was timely provided by Christina, and the trial court erred in granting the hospital's motion for summary judgment against her.

■       Yon argues that the 180-day notice period began to run against her only when she discovered the identity of the tortfeasor who provided the false report to CSD. She contends that she cannot be charged with knowledge of the tortfeasor's identity until Stadden filed her motion for summary judgment in December, 1989, because before then she did not know that the caller who made the report had identified herself as a nurse at the hospital, and the hospital had denied that any of its agents, servants or employees had made the report. In sum, she argues that the OTCA notice period began to run in December, 1989, and that, therefore, the notice provided to Bay Area Hospital on July 13, 1989, was within the 180-day time period.

This is not a case in which the notice period was tolled because plaintiff did not have a "reasonable opportunity to discover [her] injury and the identity of the party responsible for that injury." *Adams v. Oregon State Police*, 289 Or 233, 239, 611 P2d 1153 (1980). Yon was able to deduce that the source of the false report must necessarily have been an individual associated with the hospital.[7] Her negligence action accrued when she learned the contents of the hospital lab report. As of that date, she knew all of the facts necessary to sue CSD and the hospital. Because notice of her claim was

---

[7] Plaintiffs alleged that, "unless the confidentiality of their communications was violated, no persons other than the doctor and the nurse should have known the nature of [Christina's] visit to the hospital, [her] examination, treatment or tests."

not timely, the trial court did not err in granting summary judgment in favor of the hospital, CSD and Stadden.[8]

Plaintiffs' third assignment of error is without merit.[9]

Reversed and remanded on minor child's negligence claim against Bay Area Hospital, Pat Perry Stadden and Children's Services Division; otherwise affirmed.

---

[8] Because of our conclusion, we need not address CSD's claim that Yon is not entitled to recover individually for the alleged harm to her daughter.

[9] This assignment of error is directed at the summary judgment granted in favor of defendant Nickerson, a doctor working in the emergency room of Bay Area Hospital at the time of the incident.