Argued and submitted January 22, judgment of dismissal reversed; otherwise affirmed August 12, reconsideration denied November 18, 1992, petition for review pending 1993

James C. MANN,
as the Personal Representative of
the Estate of Linda Ruth Mann and
James C. Mann, Guardian Ad Litem
for Brian Joseph Mann,
*Appellants,*

*v.*

DEPARTMENT OF TRANSPORTATION,
*Respondent.*

(89-2161; CA A67598)

836 P2d 1353

Robert J. Miller, Sr., Beaverton, argued the cause for appellants. With him on the brief were Brien F. Hildebrand and Moomaw, Miller & Reel, Beaverton.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

Buttler, P. J., concurring in part; dissenting in part.

## ROSSMAN, J.

This is a wrongful death and personal injury action brought under the Oregon Tort Claims Act (OTCA). The issue is whether plaintiff's claims are barred by the two-year statute of limitations.

On December 2, 1986, plaintiff's wife and minor child were travelling on a highway near Rainier Hill when an oncoming vehicle crossed the center line and collided with their vehicle. Plaintiff's wife died, and his child was injured. In investigating the cause of the accident, plaintiff sought to determine whether the highway had been sanded. He asked a police officer, who in turn asked defendant's employees. The employees said that the highway in question had recently been sanded. The police officer relayed that information to plaintiff and wrote it in an accident report. Relying on those statements, plaintiff concluded that there had been no negligence by defendant.

In November, 1989, plaintiff discovered that the highway had *not* been sanded on the day of the accident. Immediately thereafter, he was appointed personal representative for his wife's estate and guardian *ad litem* for his minor child. He commenced this action on December 1, 1989. His amended complaint alleged that the highway near Rainier Hill was icy and unsafe and that defendant negligently failed to warn motorists of the unsafe conditions, failed to place a barrier or other safety device between the lanes of traffic and failed to sand the road adequately.

Defendant moved to dismiss all claims on the grounds that plaintiff had failed to file a timely notice of tort claim and had failed to commence this action within the two-year statute of limitations. ORS 30.275(8).[1] The trial court allowed the motion and entered a judgment of dismissal.

■ Plaintiff's wrongful death claim on behalf of his wife's estate was filed more than two years after the decedent's death. He acknowledges that such claims, when

---

[1] ORS 30.275(8) provides, in pertinent part:

"[A]n action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of [OTCA] shall be commenced within two years after the alleged loss or injury."

brought against a public body, generally must be commenced within two years. ORS 30.275(8). However, he contends that the OTCA limitation did not begin to run until he learned of defendant's misrepresentation.

The discovery rule does not aid plaintiff in this case. His complaint alleged three specifications of negligence:

"(a)   The surface of the highway on Rainier Hill was icy and there were no warnings to motorists as to the potential for icy conditions;

"(b)   The highway had not been adequately sanded or otherwise prepared to reduce the risk of accident due to ice; and

"(c)   There was no center barrier to prevent an out of control automobile from crossing the center line and traveling into the land of oncoming traffic."

Regardless of defendant's misrepresentation, plaintiff was aware, on the date of the accident, that road conditions had been hazardous. He also knew, or should have known, that the state was responsible for maintaining the highway in question. It was apparent that the state had not constructed a central barrier and had not provided signs to warn motorists of potentially dangerous driving conditions. Those facts provided a sufficient basis for an action against the state. Plaintiff knew that his wife had been killed, that her death *could* be attributed to defendant's acts and that defendant arguably had been negligent in at least two respects.

A limitation is not tolled in order to allow a plaintiff "to develop facts to support or identify a theory of recovery or * * * to learn 'all of the facts which they might ultimately be able to advance to support their claim.' " *Duyck v. Tualatin Valley Irrigation*, 304 Or 151, 163, 742 P2d 1176 (1987). (Citation omitted.) On December 2, 1986, plaintiff had sufficient information to raise an issue of fact on each element of his wrongful death claim. Accordingly, his cause of action accrued on that date.[2] The trial court did not err in dismissing plaintiff's wrongful death claim.

---

[2] Plaintiff also argues that, although the wrongful death claim is on behalf of the decedent's estate, a minor is one of the beneficiaries of the estate and, therefore, the statute of limitations should not begin to run until a personal representative for the estate is appointed. The appointment of a personal representative is irrelevant in determining when a wrongful death action accrues. *See* ORS 30.020(1).

■ ■   Plaintiff's second claim for relief is for personal injuries sustained by his minor child as a result of defendant's alleged negligence. He argues that OTCA's two-year limitation and 270-day notice period for minors were tolled until a guardian *ad litem* is appointed for the child. That is correct. *Perez v. Bay Area Hospital*, 112 Or App 288, 294, 829 P2d 700, *recon denied* 114 Or App 635, 836 P2d 1358 (1992); *Banda v. Danner*, 87 Or App 69, 74, 741 P2d 514 (1987), *aff'd by an equally divided court* 307 Or 302 (1988). Plaintiff was appointed guardian *ad litem* in November, 1989. The complaint was filed in December, 1989, within the notice period and the two-year limitation. ORS 30.275(2)(b), (8). Accordingly, the trial court erred in dismissing the negligence claim brought on behalf of the child.

We now turn to the issues raised by the dissent. First, it contends that we have "fail[ed] to analyze *Banda v. Danner*." As it acknowledges, *Banda* says that the time limitation for personal injury claims filed under OTCA does not begin to run until the appointment of a guardian *ad litem*, and then only if the guardian knows sufficient facts to initiate the running of the limitation period. 87 Or App at 74. That holding was affirmed by an equally divided Supreme Court. The dissent may well "disapprove," but it is the law in Oregon and it is on point.

Second, the dissent seeks to rely on *Lawson v. Coos Co. Sch. Dist. # 13*, 94 Or App 387, 765 P2d 829 (1988), as a rationale for tacitly overruling *Banda*. In *Lawson*, the plaintiff brought a personal injury action against the state on behalf of a minor ward. Although the plaintiff's claim was filed *after* the expiration of OTCA's limitations period, ORS 30.275(8), the plaintiff proposed a novel interpretation that, if accepted, would have made ORS 12.160, a *non*-OTCA statute that extends the period within which minors may bring a tort claim, applicable to ORS 30.275(8). ORS 30.275(8) provides that, "[e]xcept as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action," actions filed against a public body must be commenced within two years. The plaintiff in *Lawson* argued that, because ORS 12.160 *extends* the time for commencement of an action, it is not a "limitation" and

therefore is not excluded by the language of ORS 30.275(8). We disagreed, noting that ORS 12.120 and 12.135 are the only two statutory exceptions to ORS 30.275(8) and that the language "notwithstanding any other provision of ORS chapter 12" excludes ORS 12.160. 94 Or App at 390. *Lawson* only held that ORS 12.160 does not toll the OTCA limitation; its holding is limited and is not relevant to the case at bar. It did not present any issue regarding the effect of a guardian *ad litem* appointment and had no effect on *Banda*.

Judgment of dismissal of personal injury claim reversed; otherwise affirmed.

**BUTTLER, P. J.,** concurring in part; dissenting in part.

I concur in the majority's disposition of the wrongful death claim. However, the majority is wrong in reversing the dismissal of the child's personal injury claim, because it fails to analyze *Banda v. Danner*, 87 Or App 69, 741 P2d 514 (1987), *aff'd* 307 Or 302 (1988), and says that our later decision in *Lawson v. Coos Co. Sch. Dist. #13*, 94 Or App 387, 765 P2d 829 (1988), is not relevant.

The 2-year limitation on actions against public bodies, which the majority only mentions, is in ORS 30.275(8):

> "Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

In *Lawson v. Coos Co. Sch. Dist. #13, supra*, the plaintiff's minor ward was injured on the defendant's property in 1982. More than 2 years later, she filed a negligence action, contending that the "notwithstanding" language of that statute applies only to provisions in chapter 12 and other statutes that *limit* the commencement of an action. Because ORS 12.160 *extends* the time for a minor to commence an action,[1]

---

[1] ORS 12.160 provides, in relevant part:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.250 is:

"(1) Within the age of 18 years;

she argued that it is not subject to the 2-year time limit provided in ORS 30.275(8). We disagreed:

"The statute states two exceptions to the two-year limitation: ORS 12.120 and ORS 12.135. Immediately following the exception language, the statute provides that the two-year limitation applies 'notwithstanding *any other provision of ORS chapter 12* or other statute providing a limitation on the commencement of an action.' Further, the statute sets out the 'notwithstanding' provisions in the alternative: The time limit applies (1) notwithstanding any other provision of ORS chapter 12 *and* (2) notwithstanding any other statute providing a limitation on the commencement of an action.

"Our conclusion that the two-year limitation is not tolled by plaintiff's minority status is further supported by the fact that, in another subsection of ORS 30.275, minority status is specifically addressed. ORS 30.275(2) provides:

" '(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority[,] incompetency or other incapacity:

" '(a) For wrongful death, within one year after the alleged loss or injury.

" '(b) All other claims, within 180 days after the alleged loss or injury.' " 94 Or App at 390. (Emphasis in original; footnote omitted.)

*Lawson* is correct. ORS 12.160 does not extend the time to a maximum of 5 years for a minor to commence an action under OTCA and, even if it did, it does not say that the time to commence an action does not start to run until a guardian *ad litem* has been appointed for the minor. It is also clearly correct in pointing out that ORS 30.275(2) specifically addresses the minority status of the injured person. The legislature has provided that a minor has an additional 90 days after the loss or injury, not after the appointment of a guardian *ad litem*, to give notice of a claim. The majority would add a new and significantly different condition to all of

---

"'* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

those statutes: The time does not start to run until a guardian *ad litem* has been appointed. We do not have authority to do that, ORS 174.010,[2] even if it were wise to do so, which is questionable.

A superficial reading of *Banda v. Danner, supra,* might lead one to believe, as does the majority, that we *held* that the time under ORS 30.275 does not begin to run until a guardian *ad litem* has been appointed for the minor and the guardian has knowledge of sufficient facts to assert a claim. Although we did use words to that effect, it was not necessary for our decision. The plaintiff alleged that her child was injured at birth in 1981 as a result of the defendants' negligence. No tort claim notice was given until 1984. The key that unlocks the mystery of that case is contained in its note 4:

> "Plaintiff argues that the version of ORS 30.275 in effect when Jose was born applies. It would allow an additional five years to bring the action because of Jose's minority. The 1981 amendments to the statute, which became effective January 1, 1982, abolished the five-year tolling of the Statute of Limitations under the Tort Claims Act. We have held that the amendments do not apply to a claim which accrued before their effective date. *Bergstad v. Thoren,* 86 Or App 70, 738 P2d 223 (1987). Because the notice and limitations periods begin to run at the same time, *Adams v. Oregon State Police,* 289 Or 233, 611 P2d 1153 (1980), we need not decide whether the amendments apply to this case. *If the claim accrued in March or April, 1982, as defendant argues, the tort notice was untimely.* If it did not, defendant's action is not barred. When the claim accrued is a question of fact." 87 Or App at 72 n 4. (Emphasis supplied.)

We went on to point out that the evidence was that, when the mother first looked into a possible claim in March or April, 1982, she was advised that her child did not have a claim against anyone. It was not until after she had been appointed guardian *ad litem* and filed the action in January, 1984, that she had reason to believe that the defendant's

---

[2] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

negligence had contributed to her child's injury. The guardian *ad litem's* notice, therefore, was timely, and the action was commenced within 2 years. after plaintiff's discovery. Therefore, summary judgment for the defendant was error. The case does *not hold* that the time did not begin to run until a guardian *ad litem* had been appointed, although there is language in the opinion to that effect. Although *Banda* was correctly decided, I would disapprove that language and limit the case to its facts.

The purpose of OTCA is to give the public body timely notice of a tort claim and to allow its officers an opportunity to investigate the claim promptly to ascertain all of the facts. *Leonard v. State Highway Dept.*, 52 Or App 923, 928, 630 P2d 885, *rev den* 291 Or 662 (1981). The majority's misapplication of *Banda v. Danner, supra*, would effectively nullify the timely notice requirement, ORS 30.275(2), and the 2-year Statute of Limitations. ORS 30.275(8).

The majority cites *Perez v. Bay Area Hospital*, 112 Or App 288, 829 P2d 700 (1992), in which we relied solely on *Banda v. Danner, supra*, without discussion or analysis and ignored *Lawson*. That case is wrong for the same reason that the majority is wrong in this case.

Because I would affirm the dismissal of both claims, I dissent.