Argued and submitted September 28, 1992, reversed and remanded January 6, reconsideration denied April 7, petition for review allowed May 25, 1993 (316 Or 527)

Timothy M. GASTON,
*Appellant,*

*v.*

William R. PARSONS, M.D.
and William E. Coit, M.D.,
*Respondents,*
*and*

GOOD SAMARITAN HOSPITAL
AND MEDICAL CENTER,
an Oregon corporation,
*Defendant.*

(9011-07199; CA A71991)

844 P2d 941

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs were Burt, Swanson, Lathen, Alexander & McCann, P.C., Salem, and William Gaylord and Gaylord & Eyerman, Portland.

David C. Landis, Portland, argued the cause for respondent William E. Coit, M.D. With him on the brief was Wood, Tatum, Mosser, Brooke & Landis, Portland.

Janet M. Schroer, Portland, argued the cause for respondent William R. Parsons, M.D. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

**EDMONDS, J.**

In this medical malpractice case, plaintiff appeals from a summary judgment for defendants.[1] The trial court concluded, as a matter of law, that the action is time-barred under ORS 12.110(4). Plaintiff argues that summary judgment is improper, because there is a genuine issue of material fact. ORCP 47C. We reverse.

The uncontroverted summary judgment record indicates that, before seeking medical attention from defendants, plaintiff was a partial quadriplegic who still had significant function in his left arm, shoulder, wrist and hand. After developing spasms in his lower extremities, he sought treatment from defendants. Parsons suggested a procedure that involved injecting a chemical solution into plaintiff's spine to deaden the nerves causing the spasms. After plaintiff was informed of certain risks,[2] the procedure was performed on March 13, 1987.

The day after the procedure, plaintiff noticed that he had lost feeling in his left arm. Parsons assured him that the loss of feeling was a transitory complication that could last from six months to two years and that nothing was said to him that would give him "any reason to believe [that his] treatment had been negligent or incorrectly performed." After his arm had remained dysfunctional for more than two years, plaintiff sought legal advice in 1989. He filed a complaint on November 14, 1990. The complaint contains one cause of action for negligence, which alleges that defendants were negligent in failing to obtain plaintiff's informed consent and in performing the procedure.[3] It alleges that Parsons

---

[1] For the purposes of this appeal, defendants are Parsons and Coit. Good Samaritan Hospital and Medical Center is not a party on appeal.

[2] Parsons advised plaintiff that the procedure might cause flaccidity of the abdominal muscles, lower extremities and bladder, as well as a potential loss of sexual function.

[3] The first three allegations are that defendants were negligent in performing the procedure by (1) injecting too much solution for too long; (2) continuing the procedure while they were unable to determine the level of the solution; and (3) failing to terminate the procedure when plaintiff began having difficulty breathing. The fourth allegation is that defendants were negligent in failing to obtain plaintiff's informed consent, in that he was not advised of the experimental nature of the procedure or the risk of losing the use of his functional left arm and that an alternative procedure carried no risk of loss of function of his left arm.

assured him repeatedly that the function of his arm "would return within two (2) years when the effects of the intrathecal solution would wear off."

We review the record in the light most favorable to plaintiff. Defendants must show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■ ORS 12.110(4) provides, in part, that an action for medical malpractice must be commenced "within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered." One of plaintiff's claims is that defendants were negligent, because they failed to obtain his informed consent. That claim accrued when plaintiff discovered that he had lost the function of his arm. He knew at that time that he had not been warned of that risk. As we said in *Hoffman v. Rockey*, 55 Or App 658, 664, 639 P2d 1284, *rev den* 292 Or 722 (1982), "[P]laintiff's discovery was complete when he perceived his difficulties and knew that his doctor had failed to warn him of these particular problems—permanent or not." We agree with the trial court that, as a matter of law, the claim based on lack of informed consent is time-barred.

■ However, plaintiff's negligence claim is not limited to a claim of lack of informed consent. The fact that one claim is barred by the statute does not necessarily mean that the other claim is also barred. *See Little v. Wimmer*, 303 Or 580, 583-85, 739 P2d 564 (1987). Plaintiff alleges that the procedure was performed negligently and that his discovery of the negligence was delayed until 1989 because of Parsons' assurances. Accordingly, he argues that the claim is not barred, because he filed it within two years after the date when, in the exercise of reasonable care, he should have discovered the negligence. Defendants argue that, because plaintiff knew the identity of the tortfeasor, knew that he had been injured and knew of the cause of his injury on the day after the procedure, the time began to run in 1987.

In *Hoffman v. Rockey, supra*, 55 Or App at 663, we discussed the "discovery" rule:

"A plaintiff should discover that he has a cause of action when he realizes (1) that he has been injured, (2) that the

injury can be attributed to an act of the alleged tortfeasor, and (3) that the act of the alleged tortfeasor was somehow negligent."

We held that, because there was evidence that the defendant surgeon had assured the plaintiff that the condition of his leg was progressing, the jury should have been instructed that the statute did not start to run until the plaintiff, in the exercise of reasonable care, should have discovered the negligence.

Despite defendants' arguments to the contrary, that holding is consistent with the holding in *Duyck v. Tualatin Valley Irrigation Dist.*, 304 Or 151, 742 P2d 1176 (1987), where the court phrased the third part of the test in terms of causation instead of negligence. It held that the statute does not begin to run when the "plaintiff is unaware of the cause of his injury * * * [but] begins to run when a reasonable person would perceive the role which the defendant has played in inducing that condition." 304 Or at 161; *see also Stephens v. Bohlman*, 314 Or 344, 838 P2d 600 (1992). Regardless of how the test is phrased, the question is: When did plaintiff have reason to know that defendants' negligence may have been the cause of the loss of feeling in his arm?

Viewing the record in the light most favorable to plaintiff, a jury could conclude that plaintiff reasonably relied on the doctor's assurances that he would regain the use of his arm within two years and that the dysfunction was a non-negligent result of the procedure. It could also find that those assurances reasonably delayed the investigation of his injury and that he did not obtain facts to put him on notice of defendants' negligent performance of the procedure until 1989. This record differs from *Raethke v. Oregon Health Sciences Univ.*, 115 Or App 195, 837 P2d 977 (1992), on which defendants rely. In that case, the plaintiff was aware that her condition was the result of her physician's negligence, but did not pursue her claim in a timely fashion, because she thought that she was only infertile temporarily. Here, there is a question of fact as to when plaintiff should reasonably have discovered that the cause of his injury was defendants' negligence.

Because one of plaintiff's claims of negligence is time-barred as a matter of law, the dissent would hold that

the other claim alleging the negligent performance of the procedure is also barred. The dissent says that our holding conflicts with our precedents and that we misunderstand the holding in *Hoffman v. Rockey, supra.* In that case, the plaintiff's complaint alleged a "failure to warn of the risk claim" and that an osteotomy had been improperly performed and that an infection had not been treated properly with antibiotics. The trial court directed a verdict on the "failure to warn" claim, because the Statute of Limitations had run, and submitted the other claims to the jury, which returned a verdict for the defendant. We held that the refusal to give a requested instruction to the jury was error. The plaintiff's other assignment of error was that the trial court erred in directing a verdict on the "failure to warn" claim. We said that the assignment was not well taken, because the "[d]efendant's negligent act as alleged was complete upon his failure to give plaintiff adequate information prior to surgery." *Hoffman v. Rockey, supra,* 55 Or App at 664. We held that the trial court correctly left it to the jury to determine whether the Statute of Limitations had run as to two of the plaintiff's specifications of negligence, despite the fact that the failure to warn specification was time-barred as a matter of law.[4]

The dissent also relies on *Mann v. Dept. of Transportation,* 114 Or App 562, 836 P2d 1353 (1992). It is not in point. All of the plaintiff's negligence claims there were based on road conditions that existed on the date of the accident. Here, plaintiff's claims are based on separate sets of facts that occurred at different times. Plaintiff knew the facts to support his informed consent theory the day after the surgery. We cannot determine, as a matter of law, when he knew enough to realize that his doctors negligently performed the procedure. That determination is one for a jury.

Defendant Coit argues that, even if Parsons' assurances delayed the discovery of the alleged negligence, the statute ran as to him, because he made no assurances. In support of his argument, he relies on *Jones v. Salem Hospital,* 93 Or App 252, 762 P2d 303 (1988), *rev den* 307 Or 514

---

[4] The dissent's assertion that we did not decide whether the trial court erred when it granted the directed verdict, because there was no cross-assignment of error by defendant, is somewhat mysterious.

(1989), where the issue was whether the five year statute of ultimate repose in ORS 12.110(4) was extended by the defendants' misleading representations.

Unlike in *Jones*, the issue is not whether the ultimate repose period is extended by a particular defendant's misrepresentation. It is whether, for any reason, plaintiff could not reasonably have discovered his claim within the two-year statutory period. It is not material that the representation that delayed plaintiff's discovery of the negligence was made by Parsons and not by Coit. The failure to discover could have been caused by some factor unrelated to either defendant and still have the effect of tolling the beginning of the two-year statutory period. The trial court erred when it concluded that there was no genuine issue of material fact to send the case to a jury.

Reversed and remanded.

**WARREN, P. J.,** dissenting.

Plaintiff alleged one injury and four specifications of negligence that may have caused that injury. One of those specifications was that defendants failed to obtain plaintiff's informed consent to the procedure that caused his injury. The majority concludes that plaintiff's cause of action based on that "specification" is time-barred, because plaintiff knew that he had not been warned of the risk of losing the function of his arm before agreeing to having the procedure performed. However, it then concludes that that does not necessarily mean that plaintiff's remaining specifications of negligence are also time-barred. Because that conclusion conflicts with our precedents, I dissent.

To support its conclusion that, when one specification of negligence is time-barred as a matter of law, other specifications of negligence relating to the same injury are not necessarily time-barred, the majority relies on *Hoffman v. Rockey*, 55 Or App 658, 639 P2d 1284 (1982). It reads that case as holding that

"the trial court correctly left it to the jury to determine whether the statute of limitations had run as to two of plaintiff's specifications of negligence despite the fact that plaintiff's failure to warn specification was time barred as a matter of law." 117 Or App at 560.

The majority misunderstands that case.

In *Rockey*, the plaintiff sued for medical malpractice, alleging that the defendant had failed to warn him of the risks of the procedure and had failed to perform the procedure properly. At the end of the plaintiff's case, the defendant moved for a directed verdict, claiming that the action was time-barred as a matter of law. The court struck the failure to warn specification on that basis but allowed the others to be considered by the jury.

At the close of the case, the plaintiff requested a jury instruction on the discovery rule, which the court refused to give. The jury found for the defendant, and the plaintiff appealed, assigning as error the court's failure to give his requested instruction and the striking of the allegations of negligence. We held that the court properly allowed the motion for directed verdict, as far as it went. However, *because the defendant did not make a cross-assignment of error* relating to the court's denial of its motion to strike the remaining specifications of negligence, we did not, and could not, decide whether the court erred in not granting the motion for directed verdict on those specifications. Because those two specifications were still before the jury, we evaluated the court's ruling on the jury instruction issue and concluded that the court erred in not giving the requested instruction.

Obviously, *Rockey* does not stand for the proposition that the majority reads it to support. To the contrary, the issue we address here was never raised or analyzed in that case. Perhaps recognizing that weakness, the majority also relies on *Little v. Wimmer*, 303 Or 580, 739 P2d 564 (1987), where the Court held that, when one specification of negligence is barred by a *statute of repose*, that does not necessarily mean that the alternative specifications of negligence are also barred. 303 Or at 583. That case is inapposite.

Statutes of repose are intended to prevent a cause of action based on a particular act or acts from accruing. *Sealey v. Hicks*, 309 Or 387, 393, 788 P2d 435 (1990). In *Wimmer*, one of the allegedly negligent acts had occurred at a time beyond the statute of repose. Consequently, the action based on that act had accrued, and its timeliness could not be

affected by the lack of viability of the plaintiff's alternative allegations.

At best, we can read *Wimmer* to mean that a claim that is based on an act or acts that occurred at a different time than a claim that is time-barred is not barred merely because it is brought as part of the same action. However, that rule does not help plaintiff, because we have already held that, if a cause of action on one specification of negligence accrues, the statute of limitations runs as to all alternative specifications arising from *the same injurious incident. Mann v. Dept. of Transportation*, 114 Or App 562, 566, 836 P2d 1353 (1992).

In *Mann*, the plaintiff's spouse was killed in a highway accident that occurred three years before he filed a wrongful death action. In the complaint, the plaintiff alleged that the defendant negligently failed to provide a warning, install a center divider and sand the roadway. Because the plaintiff was aware of the facts concerning the first two specifications immediately after the accident, the negligence action accrued at that time and was, therefore, not timely filed. Nevertheless, the plaintiff argued that, because he had not discovered that the road had not been sanded until two years later, his action based on that allegation was not time-barred. We disagreed:

> "A limitation is not tolled in order to allow a plaintiff 'to develop facts to support or identify a theory of recovery or * * * to learn "all of the facts which they might ultimately be able to advance to support their claim." ' * * * On December 2, 1986, plaintiff had sufficient information to raise an issue of fact on each element of his wrongful death claim. Accordingly, his cause of action accrued on that date." 114 Or at 565. (Citations and footnote omitted.)

More than two years before this action was filed, plaintiff knew he had been injured and that defendants had negligently failed to obtain his informed consent. The majority concedes that an action based on that specification of negligence is time-barred. Although some negligence accrued before and some simultaneously with the injury, plaintiff sustained only one injury. His cause of action for that injury accrued no later than the date when he knew or should have

known he had any cause of action. Because all of the specifications of negligence are based on the same injury, the claim is time-barred.

I dissent.