Gaye McCABE,
*Appellant,*

*v.*

STATE OF OREGON
and Charles E. Hayes,
*Respondents.*

(89C-10234; CA A64336)

816 P2d 1192

John Hoag, Eugene, argued the cause and filed the briefs for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff, a state police officer, alleged in her complaint that the Department of Oregon State Police (OSP) engaged in employment discrimination and subjected her to intentional infliction of emotional distress. Her claims arose from events surrounding her pregnancy, maternity leave and subsequent return to work. The trial court granted summary judgment in favor of the state on the ground that plaintiff had failed to provide notice of her claim as required under ORS 30.275. Plaintiff appeals. We reverse.

ORS 30.275(1) provides, in part, that "[n]o action arising from any act or omission of a public body or an officer, employee or agent of a public body * * * shall be maintained unless notice of claim is given as required by this section." Plaintiff has the burden of proving that either formal or actual notice was provided. ORS 30.275(7). She did not give formal notice, which would have involved communicating in writing to the Director of the Department of General Services. ORS 30.275(5)(a). The only question is whether plaintiff provided *actual* notice of her intent to assert a claim against the state. ORS 30.275(6) provides, in part:

> "*Actual notice of a claim is any communication by which* any individual to whom notice may be given as provided in subsection (5) of this section or *any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim,* where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body. *A person responsible for administering claims on behalf of a public body is one who, as an officer, employee or agent of a public body * * * engages in investigation, negotiation,* adjustment or defense of claims within the scope of ORS 30.260 to 30.300, or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities." (Emphasis supplied.)

■ Plaintiff points to two documents that she believes satisfy the "actual notice" requirement of ORS 30.275(6). We need only consider the first, a letter that was sent to the Superintendent of OSP by a law firm on behalf of the Oregon

State Police Officers' Association. The letter describes plaintiff's employment situation, characterizes the situation as gender-based discrimination, cites the Oregon Sex Discrimination Act, ORS 659.029 - ORS 659.030, cites Title VII of the federal Civil Rights Act, 42 USC § 2000e(k), and concludes:

> "Employers who violate either of the above statutes can be subjected to a variety of damages, including *damages for back pay* wrongfully denied an employee subjected to sex discrimination. The decision to deny Officer McCabe the opportunity to work in an alternative position denies her the right to continued wages, *a form of damages clearly compensable* under the above-mentioned statutes.
>
> "In light of the above, we therefore request that you reconsider the decision to deny Officer McCabe the opportunity to perform alternative work throughout the remainder of her pregnancy.
>
> "Due to the fact that Officer *McCabe continues to be deprived wages as each day passes,* we would appreciate a written response to this letter no later than Thursday, July 30, 1987. *Your failure to respond by that date will leave us no alternative but to file actions in the state and/or federal courts for resolution."* (Emphasis supplied.)

The state argues that the letter did not provide notice of a *tort* claim, because it referred only to employment law violations.

■ For the purposes of the Oregon Tort Claims Act (OTCA), a "tort" is defined as "the breach of a legal duty that is imposed by law, * * * the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy." ORS 30.260(8). Under ORS 659.030(1), gender discrimination of the type alleged by plaintiff constitutes an unlawful employment practice. Engaging in such a practice is a breach of a legal duty that is imposed by law. Money damages or the enforcement of a conciliation agreement or order are two remedies available to a person injured by an unlawful employment practice. ORS 659.070. Therefore, the act alleged by plaintiff is both a personnel matter *and* a tort, and it falls within the OTCA. *See Brinkley v. Oregon Health Sciences University,* 94 Or App 531, 536, 766 P2d 1045 (1988), *rev den* 307 Or 571 (1989).

The "actual notice" requirements of ORS 30.275(6) seek to provide a public body with timely notice of a tort claim "so that it can make a prompt investigation." *Cameron v. State Dept. of Transportation,* 80 Or App 708, 713, 723 P2d 378, *rev den* 302 Or 299 (1986). In this case, the letter described the time, place and circumstances giving rise to plaintiff's complaint. A reasonable reader could have concluded that she intended to assert a claim for back wages as damages, if the matter could not be resolved informally. Therefore, we conclude that, as a matter of law, the letter was sufficient to provide notice of a tort claim.

■  However, that does not end the inquiry. The question remains whether the letter came to the attention of a person with authority to respond to it *as a tort claim*.[1] Initially, the OSP Superintendent testified that he was aware of plaintiff's discrimination complaint, that he had authority to investigate and settle internal personnel matters and that he did, in fact, have a staff member investigate plaintiff's claim. He also testified that, if a "formal Notice of Tort Claim" alleging sex discrimination were received by his office, he would assign "internal persons" to investigate and solicit legal advice from the Attorney General's office, but that he personally would have "the final yeah or nay [on] settling *any* claim." (Emphasis supplied.) That testimony suggests that, in addition to his authority to administratively resolve personnel disputes, the Superintendent can also respond to tort claims that could result in money damages or other remedies. However, subsequent testimony qualifies his initial remarks. When questioned by the state's attorney, the Superintendent said that, if his office received a tort claim notice, he would immediately forward it to the Risk Management Division of the Department of General Services, because he is not authorized to respond to tort claims. Given that conflicting evidence, a question of fact exists concerning whether the OSP Superintendent was the person responsible for

---

[1] Under ORS 30.275(6), a "person responsible for administering claims on behalf of a public body is one who, as an officer, employee or agent of a public body * * * engages in investigation, negotiation, adjustment or defense of *claims within the scope of ORS 30.260 to 30.300 [i.e., tort* claims], or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities." (Emphasis supplied.) The parties have cited no rule or statute regarding the OSP Superintendent's authority to receive notice of a tort claim on the state's behalf.

administering tort claims on behalf of OSP within the meaning of ORS 30.275(6). Accordingly, it was error to grant the state's motion for summary judgment. Resolution of the evidentiary conflict is a job for the factfinder.

Reversed and remanded.