Argued and submitted March 6, decision of Court of Appeals affirmed on different grounds, judgment of circuit court reversed and case remanded to circuit court for further proceedings November 19, 1992

Gaye McCABE,
*Respondent on Review,*

*v.*

STATE OF OREGON
and Charles E. Hayes,
*Petitioners on Review.*

(CC 89C-10234; CA A64336; SC S38591)

841 P2d 635

Jas. Adams, Assistant Attorney General, Salem, argued the cause for petitioners on review. With him on the petition

were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John Hoag, Eugene, argued the cause for respondent on review.

FADELEY, J.

Van Hoomissen, J., concurred and filed an opinion.

## FADELEY, J.

This case concerns plaintiff's claim against the state for an unlawful employment practice alleged to consist of discrimination against plaintiff because of her sex. The Oregon Tort Claims Act (OTCA) requires that a plaintiff must timely notify the state of the tort claim as a condition of plaintiff's right to bring an action against the state.[1] ORS 30.275 permits two types of notice: formal notice and actual notice. ORS 30.275(5) provides that formal written notice of a claim against the state may be given only to the office of the Director of the Department of General Services (DGS). Notice given otherwise, although in writing, is not formal notice under the statute. To be effective, it must qualify under the statute as "actual notice." ORS 30.275(6) provides that "actual" notice of a claim is sufficient if the actual notice complies with that statutory subsection.

Plaintiff, an employee of the Oregon State Police (OSP), did not give notice to DGS of her employment discrimination claim against the state and OSP, but instead gave notice by letter to the Superintendent of OSP. The dispositive issue is whether the Superintendent of OSP is a person "responsible for administering claims" within the meaning of ORS 30.275(6), so as to bring the letter notice given to him within the provisions of that subsection. ORS 30.275(6) provides:

"Actual notice of claim is any communication by which any individual to whom *notice may be given as provided in subsection (5)* of this section *or any person responsible for administering claims* on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body. *A person responsible for administering claims* on behalf of a public body *is one who,*

---

[1] ORS 30.275(1) provides:

"No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 [the OTCA] shall be maintained unless notice of claim is given as required by this section."

ORS 30.260(4)(a) defines "public body" to include the "state and any department, agency, board or commission of the state[.]"

*as an officer, employee or agent of a public body* or as an employee or agent of an insurance carrier insuring the public body for risks within the scope of [the OTCA], *engages in investigation, negotiation, adjustment or defense of claims* within the scope of [the OTCA], * * *." (Emphasis added.)

The trial court granted the state's motion for summary judgment because it believed that plaintiff's letter to the Superintendent failed to fulfill the notice requirement of the OTCA. The Court of Appeals reversed, holding that the letter's contents were legally sufficient to constitute actual notice, provided the letter reached a person authorized to receive actual notice.[2] That court also held that summary judgment was precluded because the question whether the Superintendent had authority to settle a tort claim finally and completely, or had authority only to investigate it and refer it to the Risk Management Division of DGS, raised a disputed issue of material fact. The Court of Appeals remanded the case to the trial court for further proceedings. *McCabe v. State of Oregon*, 108 Or App 672, 816 P2d 1192 (1991). Because the person to whom the actual notice was given was a person responsible for administering claims under ORS 30.275(6), summary judgment in favor of defendants should not have been granted and, therefore, we affirm on different grounds.

When reviewing a summary judgment, we view the facts in the light most favorable to the party opposing the motion, in this case, plaintiff. *Computer Concepts, Inc. v. Brandt*, 310 Or 706, 709, 801 P2d 800 (1990). Those facts follow.

Plaintiff was employed as an Executive Security Officer with OSP in 1980. She became pregnant in 1987, and her doctor recommended that she be relieved of regular duty. Despite her previous experience as a dispatcher and her willingness to accept any shift, OSP denied her request for light duty as a radio dispatcher. OSP offered her three other alternatives: (1) to take an unpaid leave, (2) to take a test to be a clerical specialist with a pay cut of $600 monthly, or (3) to

---

[2] Defendants do not challenge that part of the Court of Appeals' holding that the contents of the letter were legally sufficient for actual notice. The issue on review is whether the Superintendent of OSP is a person "responsible for administering claims."

exhaust her sick leave and then accept long-term disability status.

In a letter dated July 23, 1987, plaintiff's lawyer informed the Superintendent of OSP that denial of plaintiff's request for light duty during the remainder of her pregnancy constituted sex discrimination and that she was entitled to damages under ORS 659.029 and 659.030. The letter also repeated plaintiff's request for assignment to light duty as recommended by her doctor and stated that, if the Superintendent did not then grant her renewed request, an action would be filed.

The Superintendent of OSP testified in a deposition that OSP makes internal investigations of employee claims that are based on an assertion that OSP breached a legal duty. More specifically, he testified that a claim based on sex discrimination within OSP would be investigated and evaluated at his direction. He testified that his executive assistant, who initially investigated the claim, had brought plaintiff's letter to him and that it was discussed.

Even though ORS 30.275(6), unlike ORS 30.275(5), does not require the formal written notice described in ORS 30.275(4),[3] it does require "any communication by which * * * any person responsible for administering claims * * * acquires actual knowledge of the time, place and circumstances giving rise to the claim." Here, the knowledge of the Superintendent and his assistant about the letter and its contents are not disputed.[4] The issue remains whether the

---

[3] ORS 30.275(4) provides:

"Formal notice of claim is a written communication from a claimant or representative of a claimant containing:

"(a) A statement that a claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body;

"(b) A description of the time, place and circumstances giving rise to the claim, so far as known to the claimant; and

"(c) The name of the claimant and the mailing address to which correspondence concerning the claim may be sent."

In any event, plaintiff's letter would have fulfilled the formal written notice requirement, assuming it had been sent to DGS.

[4] In determining that a plaintiff preserved a claim by giving statutory actual notice, a trial court must be able to find that "the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body." ORS 30.275(6). The trial court here needed only to

notice by letter reached a person described in the statute as authorized to receive it.

The state argues that the Superintendent of OSP is not the proper person to receive actual notice, because the Superintendent is not a person "administering claims" within the meaning of subsection (6), quoted above. The state asserts that the notice statute may be interpreted only as providing that a person "responsible for administering claims" is one who has legal authority to conclude completely all state action relating to the claim and that the Superintendent is not such a person.

The words of the statute, itself, define who can receive actual notice and who is a person "responsible for administering claims." The state argues that we should read the statute to limit persons "responsible for administering claims" to those who have authority to fully pay or settle a tort claim. In order to reach the limiting interpretation contended by the state, the state would read two different "or" connectors in the statute as though the word "or" were the word "and."

The first "or" appears in the statutory description of a person who is authorized to receive an actual notice of claim. "Actual notice of claim is any communication by which an individual to whom notice may be given as provided in subsection 5 [i.e., to DGS] *or* any person responsible for administering claims on behalf of the public body." As this court has stated: "Generally, the words 'and' and 'or,' as used in statutes, are not interchangeable, being strictly of a conjunctive or disjunctive nature * * *." *Lommasson v. School Dist. No. 1*, 201 Or 71, 79, 261 P2d 860, *adhered to in part on rehearing*, 201 Or 90, 91, 267 P2d 1105 (1954). Because the connector is an "or," the rest of the sentence must be read to mean that entities or agents of state government, in addition to DGS, also may be responsible for administering claims.

The second "or" — which the state's argument would also read as an "and" — occurs where the statute

---

determine that a reasonable person in the Superintendent's position would have concluded that plaintiff was making a claim against OSP. We agree with the Court of Appeals that the Superintendent's testimony was conclusive evidence that OSP was aware of plaintiff's claim.

defines who is a person "responsible for administering claims." The statute states that "[a] person responsible for administering claims * * * is one who * * * engages in investigation, negotiation, adjustment *or* defense of claims * * *." (Emphasis added.) Under the state's analysis, one must do all those things and also have the authority fully to settle the claim by payment before one may be a person who "administers claims."[5] However, using "or," the statute includes persons who only *investigate* the claim within the definition of those responsible for administering claims. "There is no justification for using 'or' as meaning 'and,' unless the failure to do so would leave a statute meaningless or absurd." *Lommasson v. School Dist. No. 1, supra,* 201 Or at 79. In this case there is no reason to reverse meanings; "or" in this statute means "or."

The statute includes as potentially within the ambit of those "responsible for administering claims," state officers, employees, or agents who, on behalf of a public body, *investigate* claims of a type that are "within the scope of" the tort claims statute. ORS 30.275(6). Plaintiff states a claim of sex discrimination. It is a claim against a state agency and, therefore, falls under the tort claims statute. ORS 30.265(1). By his admission in the record, it is established that the Superintendent of OSP, or his subordinate to whom he assigns the task,[6] investigates employment discrimination claims based on sex made against that department. Because the statute reads "investigation, negotiation, adjustment *or* defense" (emphasis added), the authority of the Superintendent to investigate the claim, as he does here through a member of his staff, is all that the statute requires to demonstrate that he is a "person responsible for administering claims."[7]

---

[5] In order to maintain that position, the state insists on a distinction between "internal" claims, which the state acknowledges the Superintendent has authority to settle, and "tort" claims, which the state asserts that the Superintendent, by law, may not settle. That proposed distinction lacks merit. Whether a claim is of the type contemplated by OTCA is determined by the facts giving rise to the claim and not by the relationship the claimant may bear to the state or the formalities of the method by which the state handles the claim.

[6] The letter notice of claim was addressed to and received by the Superintendent, not a subordinate. By statute, the Superintendent is "the executive and administrative head of the Department of State Police." ORS 181.200.

[7] Where the legislative intent is clear from the statute's text and context, as it is

We hold that the Superintendent of OSP, as a person who in fact investigates claims involving his agency, qualifies also as a person "responsible for administering claims" under this statute. He was the one who received actual notice of plaintiff's claim. Plaintiff's letter notice to the Superintendent complied with the requirements of the OTCA. It follows from the foregoing that the scope of the Court of Appeals' remand is too broad; no issue of disputed fact remains on the subject whether the notice complied with the statute. The entry of summary judgment was erroneous.

The decision of the Court of Appeals is affirmed on different grounds. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

**VAN HOOMISSEN, J.,** concurring.

The issue is whether plaintiff had given the state actual notice of her tort claim. ORS 30.275(6).[1] The answer is anything but obvious. The trial judge concluded that plaintiff had not given actual notice. After reviewing the record, I believe that that conclusion is defensible. The Court of Appeals concluded that there was a genuine issue of fact about whether the Superintendent of the Oregon State Police was a "person responsible for administering claims." Again, after reviewing the record, I believe that that conclusion is defensible.

---

here, the interpretive exercise is complete. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 818 P2d 1270 (1991).

---

[1] ORS 30.275(6) provides:

"Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body. A person responsible for administering claims on behalf of a public body is one who, as an officer, employee or agent of a public body or as an employee or agent of an insurance carrier insuring the public body for risks within the scope of ORS 30.260 to 30.300, engages in investigation, negotiation, adjustment or defense of claims within the scope of ORS 30.260 to 30.300, or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities."

On review, the state argues that the 1981 legislature only intended to expand the set of persons in state government who could receive tort claims notice to: (1) the specified persons entitled to receive formal notice, and (2) tort claims adjusters, *i.e.*, those "responsible for administering claims on behalf of the public body," who had received actual notice of a tort claim. The state further argues that ORS 30.275(6) implicitly requires that a state agency must be statutorily authorized in order to handle tort claims on behalf of itself. That reading of the relevant legislative history certainly is plausible.

The Superintendent did not consider himself to be a "person responsible for administering claims" merely because he was conducting an internal investigation of plaintiff's complaint.[2] The Court of Appeals did not address the distinction the state attempts to draw between administering internal disputes and administering claims. This court's decision rejects that distinction.

It is not clear how an agency will determine in the future whether a complaint constitutes merely an internal complaint or a notice of claim. This court's decision could be interpreted to hold that an internal complaint sent to the head of any state agency, board, or commission will be deemed to be a notice of claim sent to a "person responsible for administering claims" on behalf of the public body. To be safe, unless and until the legislature clarifies the matter, an agency probably should treat every complaint received as a notice of claim. I doubt that that is what the legislature intended when it amended ORS 30.275 in 1981.

The result announced by the court today surely will undermine the central role of the Department of General Services (DGS) in state claims administration. Allowing department or agency heads to be appropriate receptors of claims notices will eviscerate the purposes of risk management statutes transferring responsibility for claims administration to DGS and creating centralized risk management. Indeed, if a notice to the head of a particular state agency,

---

[2] The letter was not forwarded to the Director of the Department of General Services, apparently because the Superintendent did not believe that it was a notice of a tort claim.

board, or commission will suffice, there will be no need to comply with the formal notice requirements of sending a notice to DGS. Moreover, every notice of an internal grievance potentially will become a notice of a claim.

Nevertheless, the language of ORS 30.275(6) is very broad in defining who "a person responsible for administering claims" is, and focuses on who actually does administer claims. The actual notice provision appears to focus on the practical aspects of claims administration rather than on the minutiae of the formal notice provision. If actual notice was only effective when received by DGS, there would have been no need to distinguish between "any individual to whom notice may be given as provided in subsection (5) [of ORS 30.275]" and "any person responsible for administering claims," ORS 30.275(6), because under the state's reading of the statutes only the former are authorized to be the latter. That reading cannot be correct. After considering all of the possibilities, I concur in the result reached by the majority.

Whatever the intent of the legislature that adopted ORS 30.275(6), if this court's interpretation of that statute is contrary to the policy goals of any future legislature, that legislature easily can amend the relevant statutes to make it clear who in state government can receive actual notice of a claim and who within a state agency, board, or commission is a person responsible for administering claims. The statute cries out for clarification. That, however, is a legislative and not a judicial responsibility.