Richard F. BURTON,
Personal Representative of
the Estate of Dean Ronald Burton,
*Appellant,*

*v.*

ROGUE VALLEY MEDICAL CENTER,
an Oregon corporation,
John Campbell, M.D.,
and Mario Campagna, M.D.,
*Defendants,*

*and*

THE MEDFORD CLINIC, P.C.,
an Oregon corporation,
*Respondent.*

(89-3867-L-3; CA A76724)

856 P2d 639

Dwayne R. Murray, Medford, argued the cause and filed the briefs for appellant.

Lindsey H. Hughes, Portland, argued the cause for respondent. With her on the brief was Hallmark, Keating & Abbott, P.C., Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Plaintiff, the personal representative of decedent's estate, appeals a summary judgment in favor of defendant The Medford Medical Clinic, P.C.[1] Defendant has the burden of demonstrating that there is no disputed issue of material fact and that it was entitled to judgment as a matter of law. ORCP 47C; *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991). We view the record in the light most favorable to plaintiff, the party who opposed the motion, *McCabe v. State of Oregon*, 314 Or 605, 608, 814 P2d 635 (1992), and reverse.

Plaintiff alleges that his decedent sought treatment for a compressed skull fracture at Rogue Valley Medical Center on April 10, 1988. Defendant's employee, Dr. Karchmer, was one of several physicians who treated decedent. Karchmer was informed that decedent suffered from a hereditary bleeding disease known as von Willebrand's disease, which prevents prompt clotting of the blood. Decedent died in the medical center following surgery, because his blood failed to coagulate properly. The complaint alleges that defendant's treatment, through Karchmer, was negligent in several specified ways.[2]

Defendant filed a motion for summary judgment that was supported by an affidavit from Karchmer. In the

---

[1] The trial court entered a final judgment in favor of defendant The Medford Clinic, P.C., pursuant to ORCP 67B. No other defendant is a party to this appeal.

[2] The allegations are that defendant was negligent:

"a) In failing to immediately contact decedent's mother, stepfather, brother and father, for information about the extent, severity, and history of the decedent's von Willebrand disease;

"b) In failing, upon arrival at Rogue Valley Medical Center, to immediately review the emergency room records to confirm whether plaintiff had in fact received cryoprecipitates;

"c) In failing to administer cryoprecipitates to decedent in excess of the fifteen (15) units previously administered to decedent by [the E.R. physician] and in failing to administer cryoprecipitates in adequate amounts and at appropriate intervals such that decedent's blood would have a reasonable expectation of coagulating prior to, during and after the first surgery; such specific amounts and intervals to be determined at trial.

"d) In failing to consult a hematologist experienced in the treatment of von Willebrand's disease;

"e) In failing to advise decedent that his blood had not yet been coagulated prior to the first surgery for there to be a reasonable expectation of surviving surgery[.]"

affidavit, Karchmer states that he is a physician licensed to practice medicine in Oregon, and that he is board certified in internal medicine, oncology and hematology. He continues:

"I am familiar with the standard of care required of reasonably careful physicians practicing in my areas of specialization in the Medford community. In my opinion, the care and treatment I provided to [plaintiff's decedent], specifically including, but not limited to, the care and treatment provided to him on April 10, 1988 and subsequent[ly], met and exceeded the standard of care required of an ordinarily careful physician practicing in the Medford community. Further, in my opinion, the care and treatment I provided to [plaintiff's decedent] was not a substantial factor in causing his death or any of the injuries and damages alleged in plaintiff's complaint."

Plaintiff responded with an affidavit from Dr. Ochs, the decedent's stepfather. Ochs states that he is a physician licensed to practice medicine in Idaho and Oregon, and that he is "very familiar" with von Willebrand's disease and "its required medical treatment," because his wife suffers from the disease. Ochs states that he practiced medicine in Myrtle Creek, Oregon, from 1973 to 1980 and that he is aware of the standard of care applicable to physicians in the Medford area. Based on his review of the medical records, Ochs states that, in his opinion, the treatment defendant provided to decedent failed to satisfy that standard of care. Finally, Ochs states that defendant's treatment was the cause of decedent's injuries and death.

The court granted defendant's motion for summary judgment. Defendant contends that summary judgment was proper because plaintiff failed to present any evidence that the standard of care was violated. It argues that Ochs' affidavit does not create a genuine issue of fact, because Ochs "was not competent to express an opinion on whether Dr. Karchmer violated the standard of care." The sole issue on this appeal is whether defendant may prevail on that contention.

ORS 677.095 codifies the standard of care physicians licensed to practice medicine in Oregon must meet:

"A physician * * * licensed to practice medicine * * * by the Board of Medical Examiners for the State of Oregon has

the duty to use that degree of care, skill and diligence which is used by ordinarily careful physicians * * * in the same or similar circumstances in the community of the physician * * * or a similar community."

■ In *Creasy v. Hogan*, 292 Or 154, 637 P2d 114 (1981), the court distinguished between the rule of law that establishes the standard of care and the rule of evidence that determines if a witness is competent to express an opinion about whether a defendant's conduct satisfies the standard of care. Generally, in a medical malpractice case, one must be an expert to express such an opinion, because most jurors lack the knowledge necessary to measure a defendant's conduct against the standard of care. *Tiedemann v. Radiation Therapy Consultants*, 299 Or 238, 246-50, 701 P2d 440 (1985); *Getchell v. Mansfield*, 260 Or 174, 179, 489 P2d 953 (1971).

■ To be an expert, one must have the necessary skill and knowledge to arrive at an intelligent conclusion about the subject matter in dispute. OEC 702; *Malila v. Meacham*, 187 Or 330, 336, 211 P2d 747 (1949). The witness is not required to be a practitioner in the same specialty within a particular discipline, school or method as the defendant. *Barrett v. Coast Range Plywood*, 294 Or 641, 647-48, 661 P2d 926 (1983). However, merely being an expert does not suffice. In addition, in order to render an opinion about whether a physician's conduct satisfies the standard of care, a witness must be familiar with the method of treatment customarily used by reasonably careful practitioners in the community or a similar community under circumstances similar to those that confronted the defendant. *Creasy v. Hogan, supra*, 292 Or at 165-67.

■■ Defendant argues that Ochs' affidavit fails to provide a "sufficient foundation for expertise in the customary treatment of von Willebrand's disease." However, Ochs states in his affidavit that he is a licensed physician who is "very familiar" with the medical treatment required for that disease. Defendant does not explain why those statements, which must be accepted as true, and from which all reasonable inferences must be taken in the light most favorable to plaintiff, are not sufficient to qualify Ochs as someone with the necessary skill and knowledge to arrive at an intelligent conclusion about the proper treatment of a person afflicted

with von Willebrand's disease. Moreover, Ochs' statements that he is familiar with the standard of care must also be accepted as true.

The trial court granted defendant's motion, on the ground that Ochs' affidavit was "insufficient to defeat summary judgment." That ruling was error. After plaintiff filed Och's affidavit, plaintiff filed a second affidavit under ORCP 47(E). The court allowed defendant's motion to strike the ORCP 47(E) affidavit on the ground that it was not timely filed. Plaintiff assigns error to that ruling. Given our disposition of the appeal, we need not reach that assignment.

Reversed and remanded.